# **<u>Exhibit 1</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:**<br><br>**OUR ALCHEMY, LLC,** *et al.*,<br><br>Debtors. | **Chapter 7**<br>**Case No: 16-11596-KG**<br>**Jointly Administered** |
| **GEORGE L. MILLER, Chapter 7 Trustee for the jointly administered bankruptcy estates of Our Alchemy, LLC and Anderson Digital, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**ANCONNECT, LLC,** *et al.*,<br><br>Defendants. | **Adv. Proc. No.  18-50633-KG**<br><br><br>**Re:  D.I. 80** |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT STEVE LYONS' MOTION TO DISMISS THE FOURTH AND SIXTH CLAIMS OF PLAINTIFF'S COMPLAINT, AND FOR RELIEF FROM THE BRIEFING REQUIREMENTS CONTAINED IN LOCAL RULE 7007-1**

Upon consideration of the Motion[1] filed by Defendant Steve Lyons ("Lyons") and any responses thereto; the Court having reviewed the Motion, the responses and the arguments presented by counsel for the Plaintiff and Defendant Steve Lyons; the Court finding notice of the Motion was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is justified and authorized pursuant to Federal Rule 12(b)(6), made applicable to these proceedings by Bankruptcy Rule 7012; the Court having jurisdiction to enter this order under 28 U.S.C. §§ 157(a) and 1334 and the United States District Court for the District of Delaware's Amended Standing Order of Reference, dated February 29,

---

[1] Capitalized terms used herein are used as defined in the Motion.

103057848.v3

2012; and the Court finding it appropriate to grant Lyons relief from the briefing requirements of Local Rule 7007-1;

IT IS HEREBY ORDERED that:

1. The Motion is granted in part as set forth herein.

2. The fourth and sixth claims stated in the Complaint are partially dismissed as it relates to the Six Disputed Lyons Transfers without prejudice, as follows:

| Transfer Number | Date of Transfer | Debtor Transferor | Amount |
| --- | --- | --- | --- |
| 2. | July 9, 2015 | Alchemy | $1,400,000 |
| 3. | July 17, 2015 | Alchemy | $61,000 |
| 4. | December 11, 2015 | Alchemy | $150,000 |
| 5. | February 19, 2016 | Alchemy | $581,000 |
| 6. | February __, 2016 | Alchemy | $15,000 |
| 7. | March 4, 2016 | Alchemy | $1,487.82 |

3. The request to strike references to the Lyon Transfers in the fourth and sixth claims is denied as moot.

4. Defendant Steve Lyons is relieved from the briefing requirements contained in Local Rule 7007-1.

5. The Trustee's request to amend the complaint is denied without prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

103057848.v3

6.     Defendant Steve Lyons shall not be required to file an answer or other responsive pleading prior to the earlier to occur of: (i) if the Trustee files a Motion Seeking Leave to Amend his Complaint (the "Motion to Amend"), (a) twenty-eight (28) days from the entry of an order denying the Motion to Amend or (b) twenty-eight (28) days from the Trustee's filing his Amended Complaint (provided the Court grants the Motion to Amend); or (ii) if the Trustee does not file a Motion to Amend, twenty-eight (28) days after the Trustee files a notice on the docket in the Adversary Proceeding stating that he does not intend to file a Motion to Amend.

103057848.v3