**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:                             ) | **Chapter 7** |

IN RE:         )

OUR ALCHEMY, LLC, *et al.*,   )    **Chapter 7**

       )    **Case No. 16-11596-KG**

   Debtors.   )    **Jointly Administered**

   )

————————————————   )

   )

**GEORGE L MILLER In His Capacity as**   )

**Chapter 7 Trustee for the jointly**   )

**administered bankruptcy estates of Our**   )

**Alchemy, LLC and Anderson Digital, LLC,**   )

   )    **Adv. Proc. No.  18-50633 (KG)**

   Plaintiff,   )

   )

   v.   )

   )

**ANCONNECT, LLC; ANDERSON**   )

**MERCHANDISERS, LLC; ANDERSON**   )

**MERCHANDISERS CANADA, INC.; OA**   )

**INVESTMENT PARTNERS LLC; OA**   )

**INVESTMENT HOLDINGS LLC;**   )

**VIRGO INVESTMENT GROUP, LLC;**   )

**VIRGO SOCIETAS PARTNERS, LLC;**   )

**VIRGO SOCIETAS PARTNERSHIP III**   )

**(ONSHORE), L.P.; VIRGO SOCIETAS**   )

**PARTNERSHIP III (OFFSHORE), L.P.;**   )

**VIRGO SERVICE COMPANY LLC;**   )

**ARC ENTERTAINMENT, LLC; ARDON**   )

**MOORE; MARK PEREZ; JESSE**   )

**WATSON; TODD DORFMAN; BILL**   )

**LEE; STEPHEN LYONS; and FREYR**   )

**THOR,**   )

   **Defendants.**   )

## ANCONNECT, LLC'S ANSWER TO THE TRUSTEE'S COMPLAINT

ANConnect, LLC ("**ANConnect**" or "**Defendant**") files this Answer (the "**ANConnect Answer**") to the complaint (the "**Complaint**") filed in the above-captioned adversary proceeding by Plaintiff, George L. Miller, in his capacity as Chapter 7 Trustee ("**Trustee**" or "**Plaintiff**") for

the jointly administered bankruptcy estates of Our Alchemy, LLC and Anderson Digital, LLC. ANConnect responds to the numbered paragraphs of the Complaint as follows:

## I.    INTRODUCTION

1.    Defendant admits that paragraph 1 of the Complaint provides an overview of the alleged claims being pursued by the Trustee and the capacity of the Trustee to pursue such claims. Notwithstanding the preceding, Defendant denies that the Plaintiff has viable claims against Defendant or that the transactions involving Defendant are avoidable or otherwise improper.

2.    Defendant admits that (i) Virgo Investment Group acquired Alchemy in 2014; (ii) Alchemy acquired Defendant's physical and digital distribution business (which was acquired from Anderson Digital); and (iii) following the acquisition, certain post-closing disputes arose. Notwithstanding the preceding, Defendant denies Plaintiff's contention that the acquisitions were improper or avoidable because, at bottom, Plaintiff's ultimate allegation is that an arm's length transaction negotiated between Alchemy and Defendant, two sophisticated commercial parties, and independently underwritten and financed by SunTrust Bank in which SunTrust Robinson Humphrey acted as an investment banker for the purchaser resulted in Alchemy paying too much.

## II.    JURISDICTION AND VENUE

3.    The allegations in Paragraph 3 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant does not dispute that the Bankruptcy Court has jurisdiction over the subject matter of this adversary proceeding.  However, under *Stern v. Marshall*, 564 U.S. 462 (2011), *Exec. Ben. Ins. Agency v. Arkison, Ltd.*  573 U.S. 25 (2014), and *Wellness Int'l. Network, et. al. v. Sharif,* 135 S. Ct. 1932 (2015), the Court does not have judicial power to enter final orders in this case.  Notwithstanding this, and the Trustee's refusal to consent to the entry of final judgment or adjudication by a bankruptcy judge, in

2

accordance with Bankruptcy Rule 7012(b) and Del. Bankr. L.R. 7012-1, Defendant consents to entry of final orders and judgment by the Bankruptcy Court.

4.      The allegations in Paragraph 4 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, as noted above, while the Trustee has refused to consent to the entry of final judgment or adjudication by a bankruptcy judge, in accordance with Bankruptcy Rule 7012(b) and Del. Bankr. L.R. 7012-1, Defendant consents to entry of final orders and judgment by the Bankruptcy Court.

5.      The allegations in Paragraph 5 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 5 of the Complaint are admitted.

### III.      PARTIES

6.      The allegations in Paragraph 6 of the Complaint are admitted.

7.      The allegations in Paragraph 7 of the Complaint are admitted.

8.      Defendant admits that that as part of an arm's length transaction negotiated between Alchemy and Defendant, two sophisticated commercial parties, and independently underwritten and financed by SunTrust Bank in which SunTrust Robinson Humphrey acted as an investment banker for the purchaser, Alchemy acquired certain physical home video and digital distribution capabilities from Defendant, including, *inter alia*, the purchase of Anderson Digital.

9.      Defendant admits that ANConnect was the physical distribution arm of Anderson Media Corporation and that it had a principal place of business in Amarillo, Texas.  The remaining allegations in Paragraph 9 of the Complaint are admitted.

10.      The allegations in Paragraph 10 of the Complaint are admitted.

3

11.     The allegations in Paragraph 11 of the Complaint are denied.  Answering further, Anderson Merchandisers Canada, Inc. was liquidated through an insolvency proceeding in Canada.

12.     Defendant admits that Stephen Lyons had an ownership interest in Anderson Digital.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 12 of the Complaint, and therefore denies those allegations.

13.     Defendant admits that that Freyr Thor had an ownership interest in Anderson Digital. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 13 of the Complaint, and therefore denies those allegations.

14.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Complaint, and therefore the allegations in Paragraph 14 stand denied.

15.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Complaint, and therefore the allegations in Paragraph 15 stand denied.

16.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Complaint, and therefore the allegations in Paragraph 16 stand denied.

17.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 of the Complaint, and therefore the allegations in Paragraph 17 stand denied.

#56458089 v1

18.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Complaint, and therefore the allegations in Paragraph 18 stand denied.

19.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Complaint, and therefore the allegations in Paragraph 19 stand denied.

20.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Complaint, and therefore the allegations in Paragraph 20 stand denied.

21.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Complaint, and therefore the allegations in Paragraph 21 stand denied.

22.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Complaint, and therefore the allegations in Paragraph 22 stand denied.

23.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Complaint, and therefore the allegations in Paragraph 23 stand denied.

24.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Complaint, and therefore the allegations in Paragraph 24 stand denied.

#56458089 v1

25.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the Complaint, and therefore the allegations in Paragraph 25 stand denied.

26.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Complaint, and therefore the allegations in Paragraph 26 stand denied.

27.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Complaint, and therefore the allegations in Paragraph 27 stand denied.

## IV.     FACTS

28. to 54.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 28-54 of the Complaint, and therefore the allegations in Paragraphs 28-54 stand denied.

(B)     **The ANConnect Transaction**

(1) **Alchemy overpays for Distressed ANConnect Business Units**

Response to the heading of Section IV(B)(1).  Though not a numbered complaint, Defendant denies and disputes the contention in the heading to Section IV(B)(1) of the Complaint that Alchemy overpaid for the assets and operations that it acquired from ANConnect or that ANConnect's business was in distress.

55.     Defendant admits that negotiations were conducted by representatives of Alchemy and Mr. Anderson for ANConnect.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 55 of the Complaint, and therefore the remaining allegations in Paragraph 55 stand denied.

6

56.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 of the Complaint, and therefore the allegations in Paragraph 56 stand denied.

57.     Defendant admits that it was a party to a non-binding Term Sheet dated February 11, 2015, signed by Bill Lee on behalf of Millennium and Bill Lardie on behalf of Defendant, but that such Term Sheet was subsequently amended.  Answering further, Defendants admits that the non-binding Term Sheet was in respect of Alchemy's proposed purchase of Defendant's US video and digital distribution business.  Answering further, the Term Sheet, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the Term Sheet, they stand denied.

58.     Defendants admits that the non-binding Term Sheet, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the Term Sheet, they stand denied.

59.     The allegations in Paragraph 59 of the Complaint are admitted.

60.     The allegations in Paragraph 60 of the Complaint are admitted.

61.     The allegations in Paragraph 61 of the Complaint are admitted.

62.     The allegations in Paragraph 62 of the Complaint are admitted.

63.     Defendant admits that Alchemy assumed certain obligations in connection with its transaction with Defendant.  Answering further, Defendant avers that the APA, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the APA, they stand denied.

64.     The allegations in Paragraph 64 of the Complaint are admitted.

#56458089 v1

65.     Defendant admits that Alchemy's payment of the Anderson Purchase Price and its assumption of the Assumed Liabilities constituted a contemporaneous transfer of property, or an interest in property, of Alchemy for the benefit of ANConnect.  Defendant denies the remaining allegations in Paragraph 65.

66.     The allegations in Paragraph 66 of the Complaint are denied.

67.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 of the Complaint, and therefore the allegations in Paragraph 67 stand denied.

68.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 of the Complaint, and therefore the allegations in Paragraph 68 stand denied.

69.     The allegations in Paragraph 69 of the Complaint are denied.

70.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70 of the Complaint, and therefore the allegations in Paragraph 70 stand denied.

71.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71 of the Complaint, and therefore the allegations in Paragraph 71 stand denied.

72.     Defendant admits that Alchemy was informed that Defendant's contractual relationship with Group 1200 Media would likely terminate and, upon information and belief, admits that Alchemy fully considered this information internally and with its lender and investment banker in connection with its agreement to proceed with its transaction with Defendant.  Defendant further admits that Alchemy fully negotiated the price that it would pay

#56458089 v1

for Defendant's business and, upon information and belief, with its lender's support proceeded with the transaction with Defendant. Answering further, because Alchemy's assumption of obligations in the APA resulted in a reduction in the cash portion of the purchase price paid by the Debtor, Alchemy's assumption of obligations allowed Alchemy to reduce the debt it obtained to purchase assets from Defendant. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 72 of the Complaint, and therefore the remaining allegations in Paragraph 72 stand denied.

73.    Defendant denies the allegations in Paragraph 73 of the Complaint. Answering further, Defendant admits that, as is typical in transaction wherein a buyer purchases an operating business with cash consideration, Alchemy did not purchase Defendant's cash (a component of working capital which is current assets less current liabilities). Accordingly, as provided for in the agreement between Alchemy and Defendant and as is typical in similar commercial transactions, immediately prior to the closing of the transaction, Anderson Digital distributed cash totaling $510,000 to ANConnect.

74.    Defendant admits that, as is typical in a transaction wherein a buyer purchases an operating business with cash consideration, Alchemy did not purchase Defendant's cash (a component of working capital which is current assets less current liabilities). Accordingly, Defendant admits that, as provided for in the agreement between Alchemy and Defendant and as is typical in similar commercial transactions, immediately prior to the closing of the transaction, Anderson Digital distributed cash totaling $510,000 to ANConnect. The remaining allegations in Paragraph 74 of the Complaint are admitted.

75.    The allegations in Paragraph 75 of the Complaint are denied. Answering further, Defendant incorporates by reference its response to Paragraph 73 above.

76.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 of the Complaint, and therefore denies those allegations.

77.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77 of the Complaint, and therefore the allegations in Paragraph 77 stand denied.

78.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78 of the Complaint, and therefore the allegations in Paragraph 78 stand denied.

79.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79 of the Complaint, and therefore the allegations in Paragraph 79 stand denied.

80.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80 of the Complaint, and therefore the allegations in Paragraph 80 stand denied.

81.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81 of the Complaint, and therefore the allegations in Paragraph 81 stand denied.

82.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82 of the Complaint, and therefore the allegations in Paragraph 82 stand denied

83.    The allegations in Paragraph 83 of the Complaint are denied.

84.    The allegations in Paragraph 84 of the Complaint are denied.

#56458089 v1

(2) **Alchemy overpays for Distressed ANConnect Business Units**

Response to the heading of Section IV(B)(2).  Though not a numbered complaint, Defendant denies and disputes the contention in the heading to Section IV(B)(1) of the Complaint that Alchemy overpaid for Lyons' and Thor's interests in Anderson Digital.

85.     Defendant admits the allegations in Paragraph 85 of the Complaint.

86.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86 of the Complaint, and therefore the allegations in Paragraph 86 stand denied.

87.     The allegations in Paragraph 87 of the Complaint are denied.

88.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88 of the Complaint, and therefore the allegations in Paragraph 88 stand denied.

89.     Defendant denies the allegations in the first sentence of Paragraph 89 of the Complaint.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 89 of the Complaint, and therefore the allegations in Paragraph 89 stand denied.

90.     Defendant admits that Alchemy assumed certain obligations in connection with its transaction with Defendant.  Answering further, Defendant avers that the Lyons Agreement, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the Lyons Agreement, they stand denied.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 90 of the Complaint, and therefore the allegations in Paragraph 90 stand denied.

91.     Defendant admits that Alchemy assumed certain obligations in connection with its transaction with Defendant.  Answering further, Defendant avers that the Lyons Agreement, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the Lyons Agreement, they stand denied.

92.     Defendant admits that Alchemy assumed certain obligations in connection with its transaction with Defendant.  Answering further, Defendant avers that the Lyons Agreement, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the Lyons Agreement, they stand denied.  Answering further, Defendant avers that Lyons' employment was terminated by Alchemy, thereby triggering his entitlement to compensation. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92 of the Complaint, and therefore the allegations in Paragraph 92 stand denied.

93.     Defendant admits that Alchemy assumed certain obligations in connection with its transaction with Defendant.  Answering further, Defendant avers that Lyons' employment was terminated by Alchemy.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93 of the Complaint, and therefore the allegations in Paragraph 93 stand denied.

94.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94 of the Complaint, and therefore the allegations in Paragraph 94 stand denied.

95.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95 of the Complaint, and therefore the allegations in Paragraph 95 stand denied.

#56458089 v1

96.    Defendant denies the allegations in Paragraph 96 of the Complaint.

97.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97 of the Complaint, and therefore the allegations in Paragraph 97 stand denied.

98.    Defendant admits that Thor and Lyons received approximately $245,000. Defendant denies the remaining allegations in Paragraph 98 of the Complaint.  Answering further, Defendant admits that, as is typical in transaction wherein a buyer purchases an operating business with cash consideration, Alchemy did not purchase cash (a component of working capital which is current assets less current liabilities).

99.    Defendant denies the allegations in Paragraph 99 of the Complaint.

100.    Defendant admits that transfers were made.  Defendant denies the remaining allegations in Paragraph 100 of the Complaint.

101.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101 of the Complaint, and therefore the allegations in Paragraph 101 stand denied.

102.    Defendant admits that the APA contemplated certain post-closing adjustments. Answering further, the APA, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the APA, they stand denied.

103.    The allegations in Paragraph 103 of the Complaint are admitted.

104.    The allegations in Paragraph 104 of the Complaint are denied.  Answering further, Defendant avers that certain delays occurred that prevented Defendant from obtaining financial information needed to facilitate the post-closing adjustment reconciliation process.

105.    The allegations in Paragraph 105 of the Complaint are denied.

#56458089 v1

106.   The allegations in Paragraph 106 of the Complaint are denied.

107.   The allegations in Paragraph 107 of the Complaint are admitted.

108.   Defendant avers that the Transition Services Agreement, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the Transition Services Agreement, they stand denied.

109.   Defendant avers that the Transition Services Agreement, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the Transition Services Agreement, they stand denied.

110.   The allegations in Paragraph 110 of the Complaint are denied.

111.   Defendant admits that AM Canada entered into a Wholesale Services Agreement, with Alchemy.  Answering further, as a document in writing, the Wholesale Services Agreement speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the Wholesale Services Agreement, they stand denied.

112.   Defendant admits that Defendant commenced the Delaware State Court Action, but it was filed by Defendant on February 23, 2016.

113.   Defendant avers that the complaint in the Delaware State Court Action, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the complaint in the Delaware State Court Action, they stand denied.

114.   Defendant admits that it filed the Proof of Claim.  Answering further, Defendant avers that the Proof of Claim, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the Proof of Claim, they stand denied.

#56458089 v1

115.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 115 of the Complaint, and therefore the allegations in Paragraph 115 stand denied.

116.    Defendant denies that Defendant is not entitled to retain the Alchemy Account Receivable.

117.    Defendant avers that the complaint in the Delaware State Court Action, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the complaint in the Delaware State Court Action, they stand denied.

118.    Defendant avers that the APA, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the APA, they stand denied.

119.    The allegations in Paragraph 119 of the Complaint are denied.  Answering further, Defendant avers that the APA, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the APA, they stand denied.

120.    The allegations in Paragraph 120 of the Complaint are denied.

121.    Defendant denies the allegations in Paragraph 121 of the Complaint.

122.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 122 of the Complaint, and therefore the allegations in Paragraph 122 stand denied.

123.    Defendant avers that the Merchandising Agreement, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the Merchandising Agreement, they stand denied.

124.    Defendant avers that the Merchandising Agreement, as a document in writing, speaks for itself.    To the extent any of Plaintiff's allegations do not comport with the Merchandising Agreement, they stand denied.

125.    Defendant avers that the Merchandising Agreement, as a document in writing, speaks for itself.    To the extent any of Plaintiff's allegations do not comport with the Merchandising Agreement, they stand denied.

126.    Defendant avers that the Merchandising Agreement, as a document in writing, speaks for itself.    To the extent any of Plaintiff's allegations do not comport with the Merchandising Agreement, they stand denied.

127.    Defendant avers that the complaint in the Delaware State Court Action, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the complaint in the Delaware State Court Action, they stand denied.  Answering further, the complaint in the Delaware State Court Action expressly provides that ANConnect setoff the $3,208,314.00 on or before February 23, 2016.

128.    The allegations in Paragraph 128 of the Complaint are denied.  By way of further response, the complaint in the Delaware State Court Action expressly provides that ANConnect setoff the $3,208,314.00 on or before February 23, 2016.  As a result, ANConnect's setoff occurred ***before*** Alchemy's unilateral "agree[ment]" on April 12, 2016 to direct this amount be applied against the debt Alchemy owed.

129.    The allegations in Paragraph 129 of the Complaint are denied.

130.    Defendant admits that, in the APA, the parties agreed to certain procedures relative to the assignment of certain contracts.  Answering further, Defendant avers that the APA, as a

16

document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the APA, they stand denied.

131.   Defendant admits that, in the Merchandising Agreement, the parties agreed to certain procedures relative to the payment of reimbursement fees.  Answering further, Defendant avers that the Merchandising Agreement, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the Merchandising Agreement, they stand denied.

132.   Defendant admits that, in the Merchandising Agreement, the parties agreed to certain procedures relative to Reimbursement Fees.  Answering further, Defendant avers that the Merchandising Agreement, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the APA, they stand denied.

133.   Defendant admits that, in the Merchandising Agreement, the parties agreed to certain procedures relative to Reimbursement Fees.  Answering further, Defendant avers that the Merchandising Agreement, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the APA, they stand denied.

134.   Defendant admits that it filed a proof of claim against the Alchemy estate.  The remaining allegations in Paragraph 134 of the Complaint are denied.

135. to 168.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 135-168 of the Complaint, and therefore the allegations in Paragraphs 135-168 stand denied.

169.   Defendant admits that the parties entered into the ALC Mezz Agreement.  Answering further, Defendant avers that the ALC Mezz Agreement, as a document in writing,

#56458089 v1

speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the ALC Mezz Agreement, they stand denied.

170.   Defendant admits that the parties entered into the ALC Mezz Agreement. Answering further, Defendant avers that the ALC Mezz Agreement, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the ALC Mezz Agreement, they stand denied.

171.   Defendant avers that pursuant to a letter dated October 18, 2015, Alchemy made certain agreements.  Answering further, the letter dated October 18, 2015, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the letter dated October 18, 2015, they stand denied.

172.   The allegations in Paragraph 172 of the Complaint are denied.

173.   The allegations in Paragraph 173 of the Complaint are denied.

174.   The allegations in Paragraph 174 of the Complaint are denied.

175. to 201.   Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 175-201 of the Complaint, and therefore the allegations in Paragraphs 175-201 stand denied.

202.   Defendant admits that Defendant entered into the OA Distribution Agreement and that such was assigned to Alchemy.  Answering further, Defendant avers that the OA Distribution Agreement, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the OA Distribution Agreement, they stand denied.

203. to 206.   Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 203-206 of the Complaint, and therefore the allegations in Paragraphs 203-206 stand denied.

#56458089 v1

## V.      THE CLAIMS

**FIRST CLAIM – AVOIDANCE AND RECOVERY OF TRANSFERS Pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550 (Against the Virgo Entities, ANConnect, Lyons, Thor, Anderson Merchandisers, OA Holdings, and ARC)**

207.    Defendant incorporates its responses above to the allegations contained in all prior paragraphs of the Complaint, as if set forth fully herein in their entirety.

208.    Defendant denies the allegations in Paragraph 208 of the Complaint that the transfers identified are fraudulent transfers that are avoidable as to Defendant under applicable law.  Defendant admits that the transfers identified in subparts b and c of Paragraph 208 of the Complaint were received.  Defendant denies the allegations in subparts f and g of Paragraph 208 of the Complaint.  With respect to the remaining allegations in Paragraph 208 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of those allegations in Paragraph 208 of the Complaint as to any defendant other than Defendant, and therefore the remaining allegations in Paragraph 208 stand denied.

209.    The allegations in Paragraph 209 of the Complaint are denied.

210.    The allegations in Paragraph 210 of the Complaint that the transfers identified are fraudulent transfers that are avoidable as to Defendant under applicable law are denied. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 210 of the Complaint, and therefore the remaining allegations in Paragraph 210 stand denied.

211.    The allegations in Paragraph 211 of the Complaint that the transfers identified are fraudulent transfers that are avoidable as to Defendant under applicable law are denied. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity

#56458089 v1

of the remaining allegations in Paragraph 211 of the Complaint as to any defendant other than Defendant, and therefore the remaining allegations in Paragraph 211 stand denied.

212.   Defendant denies the allegations in Paragraph 212 of the Complaint.

213.   Defendant denies the allegations in Paragraph 213 of the Complaint.

**SECOND CLAIM – AVOIDANCE AND RECOVERY OF TRANSFERS Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550 (Against the Virgo Entities, ANConnect, Lyons, Thor, Anderson Merchandisers, OA Holdings, and ARC)**

214.   Defendant incorporates its responses above to the allegations contained in all prior paragraphs of the Complaint, as if set forth fully herein in their entirety.

215.   Defendant admits that the Trustee is seeking to avoid and recover the Avoidable Transfers.   Defendant denies that the transfers identified as being made to Defendant are fraudulent transfers and that they are avoidable as to Defendant under applicable law.   Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 215 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 215 stand denied.

216.   The allegations in Paragraph 216 of the Complaint constitute legal conclusions for which no response is required, and therefore the allegations in Paragraph 216 stand denied.

217.   The allegations in Paragraph 217 of the Complaint that the transfers identified are fraudulent transfers that are avoidable as to Defendant under applicable law are denied. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 217 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 217 stand denied.

218.   The allegations in Paragraph 218 of the Complaint that the transfers identified are fraudulent transfers that are avoidable as to Defendant under applicable law are denied.

#56458089 v1

Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 218 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 218 stand denied.

219.    Defendant denies that Alchemy did not receive reasonably equivalent value for the transfers made to Defendant.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 219 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 219 stand denied.

220.    The allegations in Paragraph 220 of the Complaint that the transfers identified are fraudulent transfers that are avoidable as to Defendant under applicable law and that the transferor was insolvent, rendered insolvent, or had unreasonably small capital or had incurred or intended to incur debts beyond the transferors ability to pay at or after the transfer are denied.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 220 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 220 stand denied.

221.    The allegations in Paragraph 221 of the Complaint that the transfers identified are fraudulent transfers that are avoidable as to Defendant under applicable law are denied. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 221 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 221 stand denied.

222.    The allegations in Paragraph 222 of the Complaint that the transfers identified are fraudulent transfers that are avoidable as to Defendant under applicable law and that Defendant was an initial, immediate, or mediate transferee of an avoidable fraudulent transfer are denied.

Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 222 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 222 stand denied.

223.   The allegations in Paragraph 223 of the Complaint that the transfers identified are fraudulent transfers that are avoidable and recoverable as to or from Defendant under applicable law are denied.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 223 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 223 stand denied.

**THIRD CLAIM – UNJUST ENRICHMENT**
**(Against the Virgo Entities, ANConnect, Lyons, Thor, Anderson Merchandisers, OA Holdings, and ARC)**

224.   Defendant incorporates its responses above to the allegations contained in all prior paragraphs of the Complaint, as if set forth fully herein in their entirety.

225.   The allegations in Paragraph 225 of the Complaint that the transfers identified are fraudulent transfers or that Defendant was unjustly enriched from any such transfer are denied. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 225 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 225 stand denied.

**FOURTH CLAIM – AVOIDANCE AND RECOVERY OF TRANSFERS**
**Pursuant to 11 U.S.C. §§ 547(b) and 550 (Against Anderson Merchandisers, OA Partners, the Virgo Entities, Lyons, and Thor)**

226.   Defendant incorporates its responses above to the allegations contained in all prior paragraphs of the Complaint, as if set forth fully herein in their entirety.

22

227.    Defendant admits that the Trustee is seeking to avoid and recover the Preferential Transfers.  Defendant denies that the transfers identified as being made to Defendant are preferential transfers and that they are avoidable as to Defendant under applicable law.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 227 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 208 stand denied.

228.    The allegations in Paragraph 228 of the Complaint are denied.

229.    The allegations in Paragraph 229 of the Complaint that the transfers identified are preferential transfers that are avoidable as to Defendant under applicable law and were made either within ninety days immediately preceding the Petition Date or were made to an insider within one year immediately preceding the Petition Date are denied.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 229 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 229 stand denied.

230.    The allegations in Paragraph 230 of the Complaint that the transfers identified are preferential transfers that are avoidable as to Defendant under applicable law and were made on account of an antecedent debt are denied.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 230 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 230 stand denied.

231.    The allegations in Paragraph 231 of the Complaint that the transfers identified are preferential transfers that are avoidable as to Defendant under applicable law and were made at a time the transferor was insolvent are denied.  Defendant is without information or knowledge

#56458089 v1

sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 231 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 231 stand denied.

232.    The allegations in Paragraph 232 of the Complaint that the transfers identified are preferential transfers that are avoidable as to Defendant under applicable law and enabled the Defendant to receive more than Defendant would have received if the transfer had not been made are denied.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 232 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 232 stand denied.

233.    The allegations in Paragraph 233 of the Complaint that the transfers identified are preferential transfers that are avoidable as to Defendant under applicable law are denied. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 233 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 233 stand denied.

234.    The allegations in Paragraph 234 of the Complaint that the transfers identified are preferential transfers that are avoidable as to Defendant under applicable law and that Defendant was an initial, immediate, or mediate transferee of an avoidable preferential transfer are denied. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 234 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 234 stand denied.

235.    The allegations in Paragraph 235 of the Complaint that the transfers identified are preferential transfers that are avoidable and recoverable as to or from Defendant under applicable

law are denied.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 235 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 235 stand denied.

## FIFTH CLAIM – AVOIDANCE AND RECOVERY OF TRANSFERS
### Pursuant to 6 Del. C. §§ 1304(a) & 1305(a), and 11 U.S.C. §§ 544 and 550 (Against the Virgo Entities, ANConnect, Lyons, Thor, Anderson Merchandisers, OA Holdings, and ARC)

236.   Defendant incorporates its responses above to the allegations contained in all prior paragraphs of the Complaint, as if set forth fully herein in their entirety.

237.   Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 237 of the Complaint, and therefore the remaining allegations in Paragraph 237 stand denied.

238.   Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 238 of the Complaint, and therefore the remaining allegations in Paragraph 238 stand denied.

239.   The allegations in Paragraph 239 of the Complaint that the transfers identified are fraudulent transfers that are avoidable as to Defendant under applicable law and that the transferor did not receive reasonably equivalent value in exchange for the transfer are denied.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 239 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 239 stand denied.

240.   The allegations in Paragraph 240 of the Complaint that the transfers identified are fraudulent transfers that are avoidable as to Defendant under applicable law and were made with actual intent to hinder, delay, or defraud are denied.  Defendant is without information or

#56458089 v1

knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 240 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 240 stand denied.

241.    The allegations in Paragraph 241 of the Complaint that the transfers identified are fraudulent transfers that are avoidable and recoverable as to or from Defendant under applicable law are denied.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 241 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 241 stand denied.

242.    The allegations in Paragraph 242 of the Complaint that the transfers identified are fraudulent transfers that are avoidable as to Defendant under applicable law and that Defendant was an initial, immediate, or mediate transferee of an avoidable fraudulent transfer are denied. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 242 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 242 stand denied.

243.    The allegations in Paragraphs 243 of the Complaint that the transfers identified are fraudulent transfers that are avoidable and recoverable as to or from Defendant under applicable law are denied.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 243 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraph 243 stand denied.

#56458089 v1

**SIXTH CLAIM – AVOIDANCE AND RECOVERY OF TRANSFERS Pursuant to 6 Del.
C. § 1305(b), and 11 U.S.C. §§ 544 and 550 (Against the Virgo Entities, OA Partners,
Lyons, and Thor)**

244.   Defendant incorporates its responses above to the allegations contained in all prior paragraphs of the Complaint, as if set forth fully herein in their entirety.

245. to 253.   The allegations in Count VI contained in Paragraphs 245-253 of the Complaint do not concern Defendant, and therefore Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 245-253 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraphs 244-253 stand denied.

**SEVENTH CLAIM – BREACH OF FIDUCIARY DUTY
(Against the Virgo Individuals, Lee, and Ardon Moore)**

254.   Defendant incorporates its responses above to the allegations contained in all prior paragraphs of the Complaint, as if set forth fully herein in their entirety.

255. to 264.   The allegations in Count VII contained in Paragraphs 255-264 of the Complaint do not concern Defendant, and therefore Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 255-264 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraphs 255-264 stand denied.

**EIGHTH CLAIM – AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
(Against Virgo Individuals, Lee, and Ardon Moore)**

265.   Defendant incorporates its responses above to the allegations contained in all prior paragraphs of the Complaint, as if set forth fully herein in their entirety.

266. to 268.   The allegations in Count VIII contained in Paragraphs 266-268 of the Complaint do not concern Defendant, and therefore Defendant is without information or

#56458089 v1

knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 266-268 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraphs 266-268 stand denied.

## NINTH CLAIM – BREACH OF CONTRACT
### (Against ANConnect)

269.     Defendant incorporates its responses above to the allegations contained in all prior paragraphs of the Complaint, as if set forth fully herein in their entirety.

270.     Defendant admits that it was a party to the Transition Services Agreement.  By way of further response, the Transition Services Agreement, being a document in writing, will speak for itself as to its specific terms and provisions.  To the extent any of Plaintiff's allegations do not comport with the Transition Services Agreement, they stand denied.

271.     The allegations in Paragraph 271 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant does not dispute that the Transition Services Agreement was a valid and enforceable contract.

272.     Defendant admits that the Transition Services Agreement included provisions relative to the collection and distribution of Alchemy Accounts Receivable.  By way of further response, the Transition Services Agreement, being a document in writing, will speak for itself as to its specific terms and provisions.  To the extent any of Plaintiff's allegations do not comport with the Transition Services Agreement, they stand denied.

273.     Defendant admits that the Transition Services Agreement included provisions relative to the collection and distribution of Alchemy Accounts Receivable and that, post-closing, it collected and remitted certain amounts to Alchemy.  Answering further, Defendant denies any allegation or contention that it improperly withheld collections.

274.     Defendant admits that it retained certain collections prepetition to satisfy amounts owing to it by Alchemy.   Answering further, Defendant denies any allegation or contention that it improperly withheld collections.

275.     Defendant admits that AM Canada retained certain collections prepetition to satisfy amounts owing to it by Alchemy.     Answering further, Defendant denies any allegation or contention that AM Canada improperly withheld collections.

276.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 276 of the Complaint, and therefore the allegations in Paragraph 276 stand denied.

277.     The allegations in Paragraph 277 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 277 of the Complaint are denied.

278.     The allegations in Paragraph 278 of the Complaint are denied.

279.     The allegations in Paragraph 279 of the Complaint are denied.

280.     The allegations in Paragraph 280 of the Complaint are denied.

**TENTH CLAIM – TURNOVER**
**Pursuant to 11 U.S.C. § 542**
**(Against ANConnect and AM Canada)**

281.     Defendant incorporates its responses above to the allegations contained in all prior paragraphs of the Complaint, as if set forth fully herein in their entirety.

282.     The allegations in Paragraph 282 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 282 of the Complaint are denied.

29

283.    The allegations in Paragraph 283 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 283 of the Complaint are denied.

284.    Defendant admits that Defendant commenced the Delaware State Court Action on February 23, 2016.  Answering further, Defendant avers that the complaint in the Delaware State Court Action, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the complaint in the Delaware State Court Action, they stand denied.

285.    Defendant admits that it filed the Proof of Claim.  Answering further, Defendant avers that the Proof of Claim, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the Proof of Claim, they stand denied.

286.    Defendant admits that it filed the Proof of Claim.  Answering further, Defendant avers that the Proof of Claim, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the Proof of Claim, they stand denied.

287.    The allegations in Paragraph 287 of the Complaint are denied.

288.    The allegations in Paragraph 288 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 288 of the Complaint are denied.

289.    The allegations in Paragraph 289 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 289 of the Complaint are denied.

#56458089 v1

## ELEVENTH CLAIM - ACCOUNTING (Against ANConnect)

290.     Defendant incorporates its responses above to the allegations contained in all prior paragraphs of the Complaint, as if set forth fully herein in their entirety.

291.     Defendant admits that the Transition Services Agreement included provisions relative to the collection and distribution of Alchemy Accounts Receivable.  By way of further response, the Transition Services Agreement, being a document in writing, will speak for itself as to its specific terms and provisions.  To the extent any of Plaintiff's allegations do not comport with the Lyons Agreement, they stand denied.

292.     Defendant admits that the Transition Services Agreement included provisions relative to the collection and distribution of Alchemy Accounts Receivable.  By way of further response, the Transition Services Agreement, being a document in writing, will speak for itself as to its specific terms and provisions.  To the extent any of Plaintiff's allegations do not comport with the Lyons Agreement, they stand denied.

293.     The allegations in Paragraph 293 of the Complaint are denied.

294.     Defendant admits that Defendant commenced the Delaware State Court Action on February 23, 2016, and that the complaint in the Delaware State Court action noted certain disputes and claims.  Answering further, Defendant avers that the complaint in the Delaware State Court Action, as a document in writing, speaks for itself.  To the extent any of Plaintiff's allegations do not comport with the complaint in the Delaware State Court Action, they stand denied.

295.     The allegations in Paragraph 295 of the Complaint are denied.

296.     The allegations in Paragraph 296 of the Complaint are legal conclusions in a request for relief as to which no response is required.  To the extent a response is required, the allegations in Paragraph 296 of the Complaint are denied.

#56458089 v1

## TWELFTH CLAIM – DECLARATORY JUDGMENT

297.   Defendant incorporates its responses above to the allegations contained in all prior paragraphs of the Complaint, as if set forth fully herein in their entirety.

298. to 300.    The allegations in Count Twelve, contained in Paragraphs 298-300 of the Complaint, do not concern Defendant, and therefore Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 298-300 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the allegations in Paragraphs 298-300 stand denied.

## THIRTEENTH CLAIM – BREACH OF CONTRACT
### (Against OA Holdings)

301.   Defendant incorporates its responses above to the allegations contained in all prior paragraphs of the Complaint, as if set forth fully herein in their entirety.

302. to 306. and 308.        The allegations in Count Thirteen contained in Paragraphs 302-306 and 308 of the Complaint do not concern Defendant, and therefore Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 302-308 of the Complaint as to any defendant other than Defendant ANConnect, and therefore the remaining allegations in Paragraphs 302-306 and 308 stand denied.

307.   Defendant denies the allegations in Paragraph 307 of the Complaint.  Answering further, it appears to Defendant that Paragraph 307 of the Complaint contains a scrivener's error in that it references the Transition Services Agreement with Defendant in error when it appears that the Trustee intended to reference the OA Distribution Agreement with OA Holdings.

309.   All other allegations contained in the Complaint, including those contained in unnumbered paragraphs, to the extent they have not been specifically admitted, are denied.

#56458089 v1

## VI.    RELIEF REQUESTED

The allegations in Section VI of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations in Section VI of the Complaint are denied.  Answering further, Defendant denies that the Trustee is entitled to avoid or recover any amounts from Defendants under applicable law.

## VII.    JURY DEMAND

Defendant understands that under *Stern v. Marshall*, 564 U.S. 462 (2011), *Exec. Ben. Ins. Agency v. Arkison, Ltd.*  573 U.S. 25 (2014), and *Wellness Int'l. Network, et. al. v. Sharif,* 135 S. Ct. 1932 (2015), the Court does not have judicial power to enter final orders in this case. Notwithstanding this, the Trustee's demand for a jury trial before an Article III Judge, and the Trustee's refusal to consent to the entry of final judgment or adjudication by a bankruptcy judge, in accordance with Bankruptcy Rule 7012(b) and Del. Bankr. L.R. 7012-1, Defendant consents to entry of final orders and judgment by the Bankruptcy Court and waives its right to a jury trial.

## FIRST AFFIRMATIVE DEFENSE

The claims against Defendant in Claims I, II, III, and V for actual and constructive fraud and for unjust enrichment should be dismissed for failure to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied in whole or in part because reasonably equivalent value was provided for the transfers made to or for the benefit of Defendant referenced in the Complaint.

#56458089 v1

### THIRD AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied in whole or part because the transfers made to or for the benefit of Defendant, were for value, in good faith, and without knowledge of the voidability of the transfer.

### FOURTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint should be denied because the Plaintiffs' damages, if any, were caused by the acts or omissions of third parties, including the Plaintiffs' predecessor (the Debtor), over which Defendant had no control.

### FIFTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint are barred, in whole or in part, on account of Defendant's right to setoff as a result of Plaintiff's breaches of the parties' contractual agreements; including, without limitation, the improper withholding of payments due and owing.

### SIXTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint are barred, in whole or in part, under the doctrine of unclean hands and unjust enrichment.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses if any become known through the course of discovery.

#56458089 v1

Dated: December 30, 2019
Wilmington, DE

Respectfully Submitted,

**PEPPER HAMILTON LLP**

/s/ Evelyn J. Meltzer
David B. Stratton (DE No. 960)
Evelyn J. Meltzer (DE No. 4581)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, Delaware 19899-1709
Tel: (302)-777-6532
Fax: (302)-421-8390
strattond@pepperlaw.com
meltzere@pepperlaw.com

-and-

**ALSTON & BIRD LLP**
Grant T. Stein
David A. Wender
William Hao
1201 West Peachtree Street
Atlanta, Georgia, 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Counsel to ANConnect, LLC and Anderson
Merchandisers, LLC*

#56458089 v1