## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OUR ALCHEMY, LLC, *et al.*,<br><br>Debtors. | Chapter 7<br>Case No: 16-11596 (KG)<br>Jointly Administered |
| GEORGE L. MILLER, Chapter 7 Trustee for the jointly administered bankruptcy estates of Our Alchemy, LLC and Anderson Digital, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ANCONNECT, LLC, *et al.,*<br><br>Defendants. | Adv. Proc. No.  18-50633 (KG) |

### DEFENDANT STEPHEN LYONS' ANSWER TO COMPLAINT

Defendant Stephen Lyons ("Lyons"), by his undersigned counsel, answer Plaintiff George L. Miller's ("Plaintiff") Complaint as follows:

### INTRODUCTION

1.      Lyons admits, with regards to paragraph 1, that "Plaintiff George L. Miller, the Chapter 7 Trustee (the "Trustee") for the jointly administered Chapter 7 bankruptcy estates of Our Alchemy, LLC ("Alchemy") and Anderson Digital, LLC ("Anderson Digital" and collectively with Alchemy the "Debtors"), by and through his counsel, brings this action," but Lyons lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 1 and on that basis denies.

2.      Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 2 and on that basis denies.

## JURISDICTION AND VENUE

3.      Lyons admits the allegation in paragraph 3.

4.      Lyons admits the allegation in paragraph 4.

5.      Lyons admits the allegation in paragraph 5.

## PARTIES

6.      Lyons admits the allegation in paragraph 6.

7.      Lyons admits the allegation in paragraph 7.

8.      Lyons admits the allegation in paragraph 8.

9.      Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 9 and on that basis denies.

10.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 10 and on that basis denies.

11.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 11 and on that basis denies.

12.     Lyons admits the allegation in paragraph 12.

13.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 13 and on that basis denies.

14.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 14 and on that basis denies.

15.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 15 and on that basis denies.

16.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 16 and on that basis denies.

17.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 17 and on that basis denies.

18.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 18 and on that basis denies.

19.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 19 and on that basis denies.

20.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 20 and on that basis denies.

21.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 21 and on that basis denies.

22.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 22 and on that basis denies.

23.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 23 and on that basis denies.

24.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 24 and on that basis denies.

25.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 25 and on that basis denies.

26.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 26 and on that basis denies.

27.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 27 and on that basis denies.

## FACTS

28.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 28 and on that basis denies.

29.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 29 and on that basis denies.

30.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 30 and on that basis denies.

31.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 31 and on that basis denies.

32.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 32 and on that basis denies.

33.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 33 and on that basis denies.

34.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 34 and on that basis denies.

35.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 35 and on that basis denies.

36.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 36 and on that basis denies.

37.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 37 and on that basis denies.

38.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 38 and on that basis denies.

39.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 39 and on that basis denies.

40.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 40 and on that basis denies.

41.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 41 and on that basis denies.

42.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 42 and on that basis denies.

43.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 43 and on that basis denies.

44.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 44 and on that basis denies.

45.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 45 and on that basis denies.

46.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 46 and on that basis denies.

47.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 47 and on that basis denies.

48.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 48 and on that basis denies.

49.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 49 and on that basis denies.

50.    Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 50 and on that basis denies.

51.    Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 51 and on that basis denies.

52.    Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 52 and on that basis denies.

53.    Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 53 and on that basis denies.

54.    Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 54 and on that basis denies.

55.    Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 55 and on that basis denies.

56.    Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 56 and on that basis denies.

57.    Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 57 and on that basis denies.

58.    Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 58 and on that basis denies.

59.    Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 59 and on that basis denies.

60.    Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 60 and on that basis denies.

61.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 61 and on that basis denies.  Lyons admits the allegation in the footnote included within paragraph 61.

62.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 62 and on that basis denies.

63.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 63 and on that basis denies.

64.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 64 and on that basis denies.

65.     Lyons denies the allegation in paragraph 65.

66.     Lyons denies the allegation in paragraph 66.

67.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 67 and on that basis denies.

68.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 68 and on that basis denies.

69.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 69 and on that basis denies.

70.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 70 and on that basis denies.

71.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 71 and on that basis denies.

72.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 72 and on that basis denies.

73.     Lyons denies that "Anderson Digital's members had stripped Anderson Digital of its working capital in the days leading up to the Closing."  Lyons admits that "[o]n July 2, 2015, Anderson Digital wired $1,001,864 to an escrow account at Bank of America."  Lyons lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 73 and on that basis denies.

74.     Lyons admits that "[t]he July 2, 2015 transfer of Anderson's Digital capital was made within the one year period immediately preceding the Petition Date."  Lyons denies the remainder of the allegation in paragraph 74.

75.     Lyons denies the allegations in paragraph 75.

76.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 76 and on that basis denies.

77.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 77 and on that basis denies.

78.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 78 and on that basis denies.

79.     Lyons admits that statements were made on his behalf in a communication dated November 2015.  The statements quoted in the Complaint are only partially quoted and therefore inaccurate.  Lyons denies any and all of the alleged implications from the partial quotes made within this paragraph and on that basis denies paragraph 79.

80.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 80 and on that basis denies.

81.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 81 and on that basis denies.

82.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 82 and on that basis denies.

83.     Lyons denies the allegations in paragraph 83.

84.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 84 and on that basis denies.

85.     Lyons admits the allegation in paragraph 85.

86.     Lyons admits the allegation in paragraph 86.

87.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 87 and on that basis denies.

88.     Lyons admits the allegation in paragraph 88.

89.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 89 and on that basis denies.

90.     Lyons admits that Alchemy paid Lyons $61,000 on July 17, 2015, $331,000 February 19, 2016, and $1,487.42 on March 4, 2016, but Lyons lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 90 and on that basis denies.

91.     Lyons admits that Alchemy paid $15,000.00 to Bryan Cave law firm.  Lyons denies the remainder of the allegations in paragraph 91.

92.     Lyons admits that "Alchemy had no involvement in Lyons' pre-acquisition employment arrangement with Anderson Digital," but Lyons denies the remainder of the allegation in paragraph 92.

93.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 93 and on that basis denies.

94.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 94 and on that basis denies.

95.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 95 and on that basis denies.

96.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 96 and on that basis denies.

97.     Lyons lacks knowledge or information sufficient to form a belief about the allegations in paragraph 97 and on that basis denies.

98.     Lyons admits that Lyons and Thor "received approximately $245,000," but denies the rest of the allegations in paragraph 98.

99.     Lyons denies the allegation in paragraph 99.

100.    Lyons denies the allegations in paragraph 100.

101.    Lyons denies the allegations in paragraph 101.

102.    Paragraph 102 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 102.

103.    Paragraph 103 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 103.

104.    Paragraph 104 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 104.

105.    Paragraph 105 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 105.

106.    Paragraph 106 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 106.

107.     Paragraph 107 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 107.

108.     Paragraph 108 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 108.

109.     Paragraph 109 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 109.

110.     Paragraph 110 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 110.

111.     Paragraph 111 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 111.

112.     Paragraph 112 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 112.

113.     Paragraph 113 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 113.

114.     Paragraph 114 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 114.

115.     Paragraph 115 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 115.

116.     Paragraph 116 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 116.

117.     Paragraph 117 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 117.

118.     Paragraph 118 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 118.

119.     Paragraph 119 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 119.

120.     Paragraph 120 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 120.

121.     Paragraph 121 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 121.

122.     Paragraph 122 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 122.

123.     Paragraph 123 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 123.

124.     Paragraph 124 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 124.

125.     Paragraph 125 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 125.

126.     Paragraph 126 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 126.

127.     Paragraph 127 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 127.

128.     Paragraph 128 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 128.

129.    Paragraph 129 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 129.

130.    Paragraph 130 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 130.

131.    Paragraph 131 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 131.

132.    Paragraph 132 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 132.

133.    Paragraph 133 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 133.

134.    Paragraph 134 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 134.

135.    Paragraph 135 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 135.

136.    Paragraph 136 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 136.

137.    Paragraph 137 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 137.

138.    Paragraph 138 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 138.

139.    Paragraph 139 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 139.

140.     Paragraph 140 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 140.

141.     Paragraph 141 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 141.

142.     Paragraph 142 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 142.

143.     Paragraph 143 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 143.

144.     Paragraph 144 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 144.

145.     Paragraph 145 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 145.

146.     Paragraph 146 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 146.

147.     Paragraph 147 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 147.

148.     Paragraph 148 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 148.

149.     Paragraph 149 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 149.

150.     Paragraph 150 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 150.

151.    Paragraph 151 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 151.

152.    Paragraph 152 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 152.

153.    Paragraph 153 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 153.

154.    Paragraph 154 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 154.

155.    Paragraph 155 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 155.

156.    Paragraph 156 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 156.

157.    Paragraph 157 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 157.

158.    Paragraph 158 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 158.

159.    Paragraph 159 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 159.

160.    Paragraph 160 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 160.

161.    Paragraph 161 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 161.

162.     Paragraph 162 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 162.

163.     Paragraph 163 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 163.

164.     Paragraph 164 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 164.

165.     Paragraph 165 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 165.

166.     Paragraph 166 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 166.

167.     Paragraph 167 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 167.

168.     Paragraph 168 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 168.

169.     Paragraph 169 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 169.

170.     Paragraph 170 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 170.

171.     Paragraph 171 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 171.

172.     Paragraph 172 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 172.

173.    Paragraph 173 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 173.

174.    Paragraph 174 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 174.

175.    Paragraph 175 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 175.

176.    Paragraph 176 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 176.

177.    Paragraph 177 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 177.

178.    Paragraph 178 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 178.

179.    Paragraph 179 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 179.

180.    Paragraph 180 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 180.

181.    Paragraph 181 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 181.

182.    Paragraph 182 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 182.

183.    Paragraph 183 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 183.

184.    Paragraph 184 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 184.

185.    Paragraph 185 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 185.

186.    Paragraph 186 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 186.

187.    Paragraph 187 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 187.

188.    Paragraph 188 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 188.

189.    Paragraph 189 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 189.

190.    Paragraph 190 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 190.

191.    Paragraph 191 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 191.

192.    Paragraph 192 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 192.

193.    Paragraph 193 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 193.

194.    Paragraph 194 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 194.

195.    Paragraph 195 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 195.

196.    Paragraph 196 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 196.

197.    Paragraph 197 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 197.

198.    Paragraph 198 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 198.

199.    Paragraph 199 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 199.

200.    Paragraph 200 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 200.

201.    Paragraph 201 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 201.

202.    Paragraph 202 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 202.

203.    Paragraph 203 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 203.

204.    Paragraph 204 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 204.

205.    Paragraph 205 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 205.

206.    Paragraph 206 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 206.

## FIRST CLAIM

207.    Lyons incorporates by reference its responses to the allegations in paragraphs 1-206.

208.    Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 208 and on that basis denies everything except subsection (f) because the Court dismissed this cause of action as it pertains to the allegations in subsection (f).

209.    Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 209 and on that basis denies.

210.    Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 210 and on that basis denies.

211.    Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 211 and on that basis denies.

212.    Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 212 and on that basis denies.

213.    Lyons denies the allegation in paragraph 213.

## SECOND CLAIM

214.    Lyons incorporates by reference its responses to the allegations in paragraphs 1-213.

215.    Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 215 and on that basis denies.

216.     Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 216 and on that basis denies.

217.     Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 217 and on that basis denies.

218.     Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 218 and on that basis denies.

219.     Lyons denies the allegations in paragraph 219.

220.     Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 220 and on that basis denies.

221.     Lyons denies the allegations in paragraph 221.

222.     Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 222 and on that basis denies.

223.     Lyons denies the allegations in paragraph 223.

**THIRD CLAIM**

224.     Lyons incorporates by reference its responses to the allegations in paragraphs 1-223.

225.     Lyons denies the allegations in paragraph 225.

**FOURTH CLAIM**

226.     Lyons incorporates by reference its responses to the allegations in paragraphs 1-225.

227.     The allegations in paragraph 227, except for subsection (f), do not relate to Lyons and on that basis Lyons denies the allegations in paragraph 227, except for subsection (f).  With regards to subsection (f), the Court dismissed this cause of action as it pertains to the allegations

in subsection (f), except for the July 2nd transfer, and in regards to the July 2nd transfer allegation, Lyons denies.

228.    Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 228 and on that basis denies.

229.    Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 229 and on that basis denies.

230.    Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 230 and on that basis denies.

231.    Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 231 and on that basis denies.

232.    Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 232 and on that basis denies.

233.    Lyons denies the allegations in paragraph 233.

234.    Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 234 and on that basis denies.

235.    Lyons denies the allegations in paragraph 235.

## FIFTH CLAIM

236.    Lyons incorporates by reference its responses to the allegations in paragraphs 1-235.

237.    Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 237 and on that basis denies.

238.    Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 238 and on that basis denies.

239. Lyons denies the allegations in paragraph 239.

240. Lyons denies the allegations in paragraph 240.

241. Lyons denies the allegations in paragraph 241.

242. Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 242 and on that basis denies.

243. Lyons denies the allegations in paragraph 243.

## SIXTH CLAIM

244. Lyons incorporates by reference its responses to the allegations in paragraphs 1-243.

245. The allegations in paragraph 245, except for subsection (d), do not relate to Lyons and on that basis Lyons denies the allegations in paragraph 227, except for subsection (d). With regards to subsection (f), the Court dismissed this cause of action as it pertains to the allegations in subsection (d), except for the July 2nd transfer, and in regards to the July 2nd transfer allegation, Lyons denies.

246. Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 246 and on that basis denies.

247. Lyons denies the allegations in paragraph 247.

248. Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 248 and on that basis denies.

249. Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 249 and on that basis denies.

250. Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 250 and on that basis denies.

251.    Lyons denies the allegation in paragraph 251.

252.    Lyons lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 252 and on that basis denies.

253.    Lyons denies the allegation in paragraph 253.

**SEVENTH CLAIM**

254.    Lyons incorporates by reference its responses to the allegations in paragraphs 1-253.

255.    Paragraph 255 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 255.

256.    Paragraph 256 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 256.

257.    The Court dismissed this cause of action as it pertains to the allegations in paragraph 257.

258.    The Court dismissed this cause of action as it pertains to the allegations in paragraph 258.

259.    Paragraph 259 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 259.

260.    Paragraph 260 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 260.

261.    Paragraph 261 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 261.

262.    Paragraph 262 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 262.

263.    Paragraph 263 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 263.

264.    Paragraph 264 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 264.

## EIGHTH CLAIM

265.    Lyons incorporates by reference its responses to the allegations in paragraphs 1-264.

266.    Paragraph 266 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 266.

267.    Paragraph 267 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 267.

268.    Paragraph 268 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 268.

## NINTH CLAIM

269.    Lyons incorporates by reference its responses to the allegations in paragraphs 1-268.

270.    Paragraph 270 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 270.

271.    Paragraph 271 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 271.

272.    Paragraph 272 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 272.

273.    Paragraph 273 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 273.

274.    Paragraph 274 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 274.

275.    Paragraph 275 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 275.

276.    Paragraph 276 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 276.

277.    Paragraph 277 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 277.

278.    Paragraph 278 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 278.

279.    Paragraph 279 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 279.

280.    Paragraph 280 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 280.

**TENTH CLAIM**

281.    Lyons incorporates by reference its responses to the allegations in paragraphs 1-280.

282.    Paragraph 282 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 282.

283.    Paragraph 283 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 283.

284.     Paragraph 284 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 284.

285.     Paragraph 285 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 285.

286.     Paragraph 286 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 286.

287.     Paragraph 287 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 287.

288.     Paragraph 288 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 288.

289.     Paragraph 289 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 289.

## ELEVENTH CLAIM

290.     Lyons incorporates by reference its responses to the allegations in paragraphs 1-289.

291.     Paragraph 291 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 291.

292.     Paragraph 292 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 292.

293.     Paragraph 293 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 293.

294.     Paragraph 294 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 294.

295.    Paragraph 295 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 295.

296.    Paragraph 296 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 296.

## TWELFTH CLAIM

297.    Lyons incorporates by reference its responses to the allegations in paragraphs 1-296.

298.    Paragraph 298 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 298.

299.    Paragraph 299 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 299.

300.    Paragraph 300 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 300.

## THIRTEENTH CLAIM

301.    Lyons incorporates by reference its responses to the allegations in paragraphs 1-300.

302.    Paragraph 302 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 302.

303.    Paragraph 303 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 303.

304.    Paragraph 304 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 304.

305.    Paragraph 305 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 305.

306.    Paragraph 306 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 306.

307.    Paragraph 307 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 307.

308.    Paragraph 308 does not relate to Lyons and on that basis Lyons denies the allegations in paragraph 308.

## **AFFIRMATIVE DEFENSES**

Answering Defendant allege the following affirmative defenses to the causes of action alleged by Plaintiff in the Complaint.  By designating the following as affirmative defenses, Answering Defendants do not admit any of the allegations in Plaintiff's claims, or waive or limit any defenses which are or may be raised by its denials, allegations and averments set forth herein.  Answering Defendants have insufficient knowledge or information upon which they can form a belief as to whether they may have additional, as yet unknown and unstated, affirmative defenses.  Answering Defendants reserve the right to amend their answer to assert such additional affirmative defenses in the event that discovery indicates that additional affirmative defenses are appropriate.

### **AFFIRMATIVE DEFENSE NO. 1**

### **(Failure to State a Claim)**

Trustee's Complaint and each and every claim alleged therein is barred, in whole or in part, because the Complaint fails to state a claim upon which relief could be granted.

**AFFIRMATIVE DEFENSE NO. 2**

**(Setoff/Recoupment)**

Trustee's Complaint and each and every claim alleged therein is barred, in whole or in part, by the doctrine of setoff and/or recoupment.

**AFFIRMATIVE DEFENSE NO. 3**

**(No Injury)**

Trustee's Complaint and each and every claim alleged therein is barred, in whole or in part, because the Debtors have suffered no legal injury as a result of any conduct by Answering Defendants.

**AFFIRMATIVE DEFENSE NO. 4**

**(Waiver)**

Trustee's Complaint and each and every claim alleged therein is barred by the doctrine of waiver.

**AFFIRMATIVE DEFENSE NO. 5**

**(Estoppel)**

Trustee's Complaint and each and every claim alleged therein is barred by the doctrine of estoppel.

**AFFIRMATIVE DEFENSE NO. 6**

**(Laches)**

Trustee's Complaint and each and every claim alleged therein is barred, in whole or in part, by the equitable doctrine of laches.

## AFFIRMATIVE DEFENSE NO. 7

### (Unjust Enrichment)

Trustee's Complaint and each and every claim alleged therein is barred, in whole or in part, because the award sought by Trustee would unjustly enrich the Debtors' Estates.

## AFFIRMATIVE DEFENSE NO. 8

### (Reliance on Third Parties)

Trustee's Complaint and each and every claim alleged therein is barred, in whole or in part, because the Answering Defendants relied in good faith on information presented to them by third-parties in approving the disputed transactions.

## AFFIRMATIVE DEFENSE NO. 9

### (Third Party Conduct)

Trustee's Complaint and each and every claim alleged therein is barred, in whole or in part, because they result from conduct of third persons over whom Answering Defendants had no control or right to control.

## AFFIRMATIVE DEFENSE NO. 10

### (Lack of Insolvency)

Trustee's Complaint and each and every claim alleged therein is barred, in whole or in part, because (i) the transfers at issue did not render the Debtors insolvent at the time of the transfers at issue as its assets were greater that its liabilities at a fair valuation, (ii) the transfers at issue did not leave the Debtors with unreasonably small capital in relationship to their business, and (iii) the transfers at issue did not leave the Debtors unable to pay their debts as they came due.

31

## AFFIRMATIVE DEFENSE NO. 11

### (Unclean Hands)

Trustee's Complaint and each and every claim alleged therein is barred, in whole or in part, by the doctrine of unclean hands.

## AFFIRMATIVE DEFENSE NO. 12

### (11 U.S.C. § 547(b)(5))

Trustee's Complaint and each and every claim alleged therein is barred, in whole or in part, because the Answering Defendants did not receive more as a result of the alleged transfers than they would have received (i) if the Debtors bankruptcy were a case under chapter 7 of the Bankruptcy Code, (ii) if the alleged transfers had not been made, and (iii) if Answering Defendants received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

## AFFIRMATIVE DEFENSE NO. 13

### (11 U.S.C. § 547(c)(1))

Trustee's Complaint and each and every claim alleged therein is barred, in whole or in part, because the transfers at issue were intended by the Debtors and the Answering Defendants to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the Debtors, an in fact was substantially contemporaneous exchange.

## AFFIRMATIVE DEFENSE NO. 14

### (11 U.S.C. § 547(c)(2)(A))

The transfer at issue set forth in the Complaint are not avoidable pursuant to § 547(c)(2)(A) of the Bankruptcy code because the transfers at issue were in payment of debts

incurred in the ordinary course of business and financial affairs of the Debtor and Answering Defendants.

## AFFIRMATIVE DEFENSE NO. 15

### (11 U.S.C. § 547(c)(2)(B))

The transfers at issue set forth in the Complaint are not avoidable pursuant to § 547(c)(2)(B) of the Bankruptcy Code because the transfers at issue were made according to ordinary business terms pursuant to § 547(c)(2)(B) of the Bankruptcy Code.

## AFFIRMATIVE DEFENSE NO. 16

### (11 U.S.C. § 547(c)(4))

Trustee's Complaint and each and every claim alleged therein is barred, in whole or in part, because the transfers at issue were to or for the benefit of Answering Defendants, and should be barred to the extent that, after such transfers, Answering Defendants gave **new value** to or for the benefit of Debtors not secured by an otherwise unavoidable security interest and on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Answering Defendants.

## AFFIRMATIVE DEFENSE NO. 17

### (Res Judicata)

Trustee's Complaint and each and every claim alleged therein is barred, in whole or in part, by the doctrine of res judicata.

## AFFIRMATIVE DEFENSE NO. 18

### (Statute of Limitations)

Trustee's Complaint and each and every claim therein is barred, in whole or in part, based on the applicable statute of limitations.

## AFFIRMATIVE DEFENSE NO. 19

### (Intervening/Superseding Cause)

Trustee's Complaint and each and every claim therein is barred, in whole or in part, by an act or acts of intervening or superseding causation which may not be attributed to the conduct of the Answering Defendants

## AFFIRMATIVE DEFENSE NO. 20

### (Duplicative)

Trustee's Complaint and each and every claim  therein is barred, in whole or in part, because Trustee seeks overlapping and duplicative recovery based on a single alleged wrongful act.

## AFFIRMATIVE DEFENSE NO. 21

### (Proportionate Liability)

Answering Defendants' liability, if any, to Debtors must be assessed in proportion to the liability of the other defendants and third persons, and Answering Defendants by only be required to pay their proportionate share of fault.

## AFFIRMATIVE DEFENSE NO. 22

### (6 Del. C. § 1308(a))

Trustee's Complaint and each and every claim  alleged therein is barred, in whole or in part, because Answering Defendants took transfers in good faith and for reasonably equivalent value.

## AFFIRMATIVE DEFENSE NO. 23

### (6 Del. C. § 1308(d))

Trustee's Complaint and each and every claim alleged therein is barred, in whole or in part, because the Answering Defendants, as good-faith transferees are entitled, to the extent of the value given the Debtors for the transfer or obligation to: (1) a lien on or grant to retain any interest in the asset transferred; (2) enforcement of any obligation incurred; or (3) a reduction in the amount of the liability on the judgment.

## AFFIRMATIVE DEFENSE NO. 24

### (6 Del. C. § 1308(f)(1))

The alleged transfers set forth in the Complaint are not avoidable pursuant to 6 Del. C. § 1308(f)(1) to the extent the alleged insiders gave new value to or for the benefit of the Debtors after the alleged transfers were made.

## AFFIRMATIVE DEFENSE NO. 25

### (6 Del. C. § 1308(f)(2))

The alleged transfers set forth in the Complaint are not avoidable pursuant to 6 Del. C. § 1308(f)(2) because they were made in the ordinary course of business or financial affairs of the Debtors and the alleged insiders.

## AFFIRMATIVE DEFENSE NO. 26

### (6 Del. C. § 1308(f)(3))

The alleged transfers set forth in the Complaint are not avoidable pursuant to 6 Del. C. § 1308(f)(3) because they were made pursuant to a good-faith effort to rehabilitate the Debtors and the alleged transfer secured present value given for that purpose as well as an antecedent debt of the Debtors.

## AFFIRMATIVE DEFENSE NO. 27

### (11 U.S.C. § 550(b))

To the extent Answering Defendants were in immediate or mediate transferee of an alleged initial transfer, any such transfers are not avoidable pursuant to 11 U.S.C. § 550(b), because Answering Defendants took such transfers in good faith, for reasonably equivalent value provided in exchange for such transfers, and without knowledge of any alleged voidability of any such transfers

## AFFIRMATIVE DEFENSE NO. 28

### (11 U.S.C. § 548(a)(1)(B)(i))

To the extent Answering Defendants received the transfers at issue set forth in the Complaint, such transfers are not voidable because the Debtor did not receive less than reasonably equivalent in exchange for the transfer as required by section 548(a)(1)(B)(i) of the Bankruptcy Code.

## AFFIRMATIVE DEFENSE NO. 29

### (11 U.S.C. § 548(a)(1)(B)(ii))

To the extent Answering Defendants received the alleged transfers at issue set forth in the Complaint, such transfers are not avoidable to the extent that (I) the Debtors were not insolvent on the date that such transfers were made or such obligations was incurred, or became insolvent as a result of such transfer or obligation; (II) the Debtors were not engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtors was an unreasonably small capital; or (III) the Debtors did not intend to incur or did not believe that the Debtors would incur, debts that would be beyond the Debtors' ability to pay such debts when such transfers were made.

## AFFIRMATIVE DEFENSE NO. 30

### (11 U.S.C. § 548(c))

The alleged transfers set forth in the Complaint are not avoidable pursuant to 11 U.S.C. § 548(c) because Answering Defendants received such transfers from the Debtors for value and in good faith.

## AFFIRMATIVE DEFENSE NO. 31

### (11 U.S.C. § 546(e))

The alleged transfers set forth in the Complaint are not avoidable under Bankruptcy Code sections 544, 545, 547, 548(a)(1)(B) or 548(b) because they are protected by the safe harbor provisions under Bankruptcy Code section 546(e).

## AFFIRMATIVE DEFENSE NO. 32

### (11 U.S.C. § 553)

Trustee's Complaint and each and every claim alleged therein against Answering Defendants is barred, in whole or in part by setoff in accordance with 11 U.S.C. § 553.

## AFFIRMATIVE DEFENSE NO. 33

### (Standing)

Answering Defendants reserve the right to supplement the foregoing and assert additional affirmative defenses after discovery of additional information concerning the matters set forth in the Complaint.

Lyons hereby reserves his right to amend this pleading to include further affirmative defenses.

WHEREFORE, Lyons respectfully requests that the Court:

1.      Enter judgment in Lyons' favor dismissing the Complaint with prejudice.

2.      Award Lyons his reasonable costs and fees, including attorneys' fees.

3.      Grant Lyons such other and further relief as the Court deems just and proper.

Dated:  December 30, 2019           **FOX ROTHSCHILD LLP**

                                  */s/ Thomas M. Horan*
                                  Mette H. Kurth (DE Bar No. 6491)
                                  Thomas M. Horan (DE Bar No. 4641)
                                  919 N. Market St., Suite 300
                                  Wilmington, DE 19899-2323
                                  Telephone: (302) 654-7444
                                  E-mail: mkurth@foxrothschild.com
                                  E-mail: thoran@foxrothschild.com

                                  *-and-*

                                  Sharon Weiss
                                  Ashlee C. Difunotorum
                                  BRYAN CAVE LEIGHTON PAISNER LLP
                                  120 Broadway, Suite 300,
                                  Santa Monica, CA  90401-2386
                                  Telephone: (310) 576-2100
                                  E-mail: sharon.weiss@bclplaw.com
                                  E-mail: ashlee.difuntorum@bclplaw.com

                                  *Counsel for Defendant Stephen Lyons*