# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: OUR ALCHEMY, LLC, et al., | Chapter 7 |
| Debtors. | Case No. 16-11596 (JTD)<br>(Jointly Administered) |
| GEORGE L. MILLER, as Chapter 7 Trustee for the jointly administered Chapter 7 estates of Debtors Our Alchemy LLC, et al., | |
| Plaintiff, | Adv. No. 18-50633 (JTD) |
| v. | Re: Doc. No. 170 |
| ANConnect, LLC, et al., | |
| Defendants. | |

## SCHEDULING ORDER

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to the above-captioned adversary proceeding.

**IT IS HEREBY ORDERED** that:

1. The discovery planning conference described in Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026 has taken place. The parties are not required to file a discovery plan as contemplated by Fed. R. Civ. P. 26(f)(3).

2. <u>Rule 7026(a)(1) Initial Disclosures</u>.

The parties have provided initial disclosures under Fed. R. Civ. P. 26 (a)(1).

3. <u>Discovery</u>.

a. The parties are expected to conduct discovery consistent with Local Rule 7026-1 and Federal Rules of Civil Procedures 26 through 37.

b. <u>Fact Discovery Cut-Off</u>. All fact discovery in this matter shall be initiated so that it will be completed on or before **June 30, 2021**.

c. <u>Requests for Admission</u>. The Defendants shall be allowed to serve on the Plaintiff a maximum of 30 joint requests for admission and a maximum of 20 additional individual requests for admission per Defendant. The Plaintiff shall be allowed to serve a maximum of 15 requests for admission on each Defendant. Responses to all requests for admission shall be due 45 days before the close of fact discovery.

d. <u>Interrogatories</u>.

i. The Defendants shall be allowed to serve on the Plaintiff a maximum of 35 joint interrogatories and a maximum of 20 additional individual interrogatories per Defendant. The Plaintiff shall be allowed to serve a maximum of 15 interrogatories on each Defendant.

ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

2

e.  <u>Depositions</u>.

   i.  <u>Depositions</u>.  In light of the COVID-19 pandemic, the parties agree to permit depositions to be conducted and attended by video conference.

f.  <u>Disclosure of Expert Testimony</u>.

   i.  <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **August 10, 2021**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **September 14, 2021**. Reply expert reports from the party with the initial burden of proof are due on or before **September 28, 2021**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

   ii.  All expert depositions shall be completed on or before **October 29, 2021**.

   iii.  <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made

by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

g.  Discovery Disputes.  Del. Bankr. L.R. 9013-1(b) notwithstanding, the parties shall not file discovery motions unless the Court requests briefing. Should counsel find they are unable to resolve a discovery dispute following an appropriate meet and confer, the party seeking the relief shall contact chambers at (302)533-3169, extension 3 to schedule a telephone conference. The Court will attempt to resolve the dispute before the need to engage in motion practice. If the dispute cannot be resolved during the initial teleconference, the Court will set appropriate briefing based upon the issues to be addressed.

4.  Application to Court for Protective Order. In the event it is necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order. If counsel is unable to reach an agreement on a proposed form of order, counsel must first follow the provisions of Paragraph 3(g) above.

Any proposed order should include the following paragraph:

Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.  <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel should deliver to Chambers an original and one copy of the papers unless otherwise advised by the Court to provide the copies in a different manner.

6.  <u>Courtesy Copies</u>. The parties shall provide to the Court, in hard copy or in the manner requested by the Court, two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.

7.  <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **December 13, 2021**.  Answering briefs and accompanying affidavits shall be served and filed on or before **January 24, 2022**.  Reply briefs and accompanying affidavits shall be served and filed on or before **February 17, 2022**.

8.  <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Any non-dispositive motion should contain the statement required by District Court Local Rule 7.1.1.

9.  <u>Mediation</u>.

a.  Pursuant to the General Order Regarding Procedures in Adversary Proceedings entered by the Honorable Mary F. Walrath on April 7, 2004, on or before **March 1, 2021**, the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

        b.     Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediators certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

        10.    <u>Trial</u>.  Within 28 days of the disposition of Case Dispositive Motions filed by the deadline set in paragraph 7 above, or, if no such motions are filed, within 28 days of such deadline, the parties with the assistance of the Court, will request that the District Court set a trial date.

        11.    <u>Calculation of Deadlines and Extensions</u>. To the extent that any deadline contained herein falls on a Saturday, Sunday or holiday in which the Court is closed (a "<u>Holiday</u>"), the deadline shall be deemed to extended to the next date that is not a Saturday, Sunday or Holiday. Deadlines contained in this Order may be extended by written agreement of the parties, provided a stipulation is filed with the Court, or by the Court upon written motion for good cause shown.

12. The Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of portion of this adversary proceeding subject to this Order, and shall promptly file with the Court appropriate evidence of such resolution. The Plaintiff shall file a status report forty-five (45) days after the date of this scheduling order, each forty-five (45) days thereafter, until this case is transferred to the District Court for trial, setting out the status of each claim subject to this Order.

**Dated: December 4th, 2020**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**