# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| OUR ALCHEMY, LLC, *et al.*, | Case No. 16-11596-JTD |
| *Debtors*. | Jointly Administered |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee for the jointly administered bankruptcy estates of Our Alchemy, LLC and Anderson Digital, LLC, | Adv. Pro. No. 18-50633-JTD |
| | Related Doc. Nos. 171, 200 |
| *Plaintiff*, v. | |
| ANCONNECT, LLC, *et al.*, | |
| *Defendants*. | |

**ORDER AUTHORIZING MEDIATION AND MODIFYING SCHEDULING ORDER**

Upon consideration of the Certification of Counsel Regarding Mediation and Modified Scheduling Order, it is hereby ORDERED and DECREED that:

1. The Hon. James Peck (the "Mediator") is approved to conduct a private mediation in the above-captioned adversary proceeding, with the Trustee (50%) and the Defendants (50%) to share equally in payment of the Mediator's normal fees and reasonable expenses, with the Defendants' fifty percent to be apportioned among them in the manner to which they have agreed, all in accordance with Del. Bankr. L.R. 9019-2 and 9019-5.

2. The Mediator may perform his work as he deems appropriate and shall not communicate with the Court except with consent of all parties in accordance with Del. Bankr. L.R. 9019-5.

3. In accordance with Del. Bankr. L.R. 9019-2 and 9019-5, the mediation proceedings are settlement negotiations, and all offers, promises, conduct and statements, whether written or oral, made in the course of the proceedings, are inadmissible in the above-captioned adversary proceeding. The Parties agree not to subpoena or otherwise require the Mediator to testify or produce records, notes or work product in any future proceedings, and no recording or stenographic record will be made of the mediation session. Evidence that is otherwise admissible or discoverable shall not be rendered inadmissible or non-discoverable as a result of its use in the mediation session. Information disclosed to the Mediator in private session shall remain confidential unless the party authorizes disclosure.

4. In accordance with Del. Bankr. L.R. 9019-2 and 9019-5 the Mediation will be confidential, and the Mediator will treat all documents he receives as confidential except that that parties to the mediation anticipate providing each other with their respective various mediation submissions which shall otherwise remain confidential.

5. In accordance with Del. Bankr. L.R. 9019-2 and 9019-5 the operative deadlines in the Scheduling Order entered on December 4, 2020 [D.I. 171] are hereby extended for a period of ninety (90) days from the conclusion of the Parties' pending mediation. Should mediation prove unsuccessful, the parties shall jointly submit an amended Scheduling Order reflecting the revised deadlines within seven (7) days of the conclusion of mediation.

**Dated: June 7th, 2021**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

LEGAL\52409467\3 00601.0823.000/390810.000