**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| OUR ALCHEMY, LLC, *et al.*, | ) | Case No. 16-11596-JTD |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| GEORGE L. MILLER, in his capacity as | ) | |
| Chapter 7 Trustee, | ) | Adv. Pro. No. 18-50633-JTD.[1] |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Re: Adv. D.I. 142** |
| | ) | |
| ANCONNECT, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Defendant ANConnect, LLC ("**ANConnect**" or "**Defendant**"), filed a Motion for Partial

Summary Judgment (the "**Motion**")[2] pursuant to Rule 56 of the Federal Rules of Civil

Procedure, made applicable here by Rule 7056 of the Federal Rules of Bankruptcy Procedure,

with respect to Counts I, II, III, and V of the Complaint.[3]  Plaintiff, George L. Miller, in his

capacity as Chapter 7 Trustee (the "**Trustee**") for the jointly administered bankruptcy estates of

debtors Our Alchemy, LLC and Anderson Digital, LLC ("**Debtors**") opposes the Motion, both

on its merits but also pursuant to Rule 56(d).  For the reasons set forth below, the Trustee's

request pursuant to Rule 56(d) is granted and the Motion is denied.

---

[1] This matter was originally assigned to Judge Gross but was transferred to me in 2020, upon Judge Gross's retirement.
[2] Adv. D.I. 142.
[3] Adv. D.I. 1.

**BACKGROUND**

This action arises out of a series of transactions involving many parties, but only a few are relevant to this Motion and the Defendant who brought it, ANConnect.

Debtors purchased a portion of ANConnect's business in June of 2015 for nearly $40 million, at a time when, according to the Complaint, Debtors were both themselves insolvent and knew that ANConnect's business was suffering from serious financial problems. As the Complaint alleges, a series of disputes between the Debtors, ANConnect, and various ANConnect affiliates ensued regarding both the Debtors transferring away millions of dollars in fees for which they were not appropriately compensated by ANConnect, and ANConnect's alleged refusal to remit millions of dollars in accounts receivable owed to Debtors. The combination of these events, the Complaint asserts, in conjunction with other events not relevant to this Motion, allegedly caused Debtors to enter a rapid downward spiral and, less than a year after acquiring ANConnect, it filed for bankruptcy.

The Trustee commenced this action against seventeen defendants, including ANConnect, asserting thirteen claims for fraudulent transfers, preferential transfers, unjust enrichment, breach of fiduciary duty, breach of contract, and turnover. As it relates to Defendant, the Complaint sought to recover the following transfers:

| Transfer Number | Date of Transfer | Debtor Transferor | Transferee | Amount | Purpose of the Transfer |
|---|---|---|---|---|---|
| 1. | July 2, 2015 | Anderson Digital | ANConnect | $510,0000 | Anderson Digital's distribution to members prior to the closing of the ANConnect Transaction |
| 2. | July 9, 2015 | Alchemy | ANConnect | $29,888,124.40 | The cash portion of the Anderson Purchase Price |
| 3. | July 9, 2015 | Alchemy | ANConnect | Greater than $16,000,000 | Alchemy's assumption of liabilities in the ANConnect Transaction |
| 4. | Between July 7, 2015 and July 1, 2016 | Alchemy | Anderson Merchandisers | $2,089,775.45 | Payment of Reimbursement Fees pursuant to the Merchandising Agreement |
| 5. | April 12, 2016 | Alchemy | Anderson Merchandisers | $3,208,314 | Payment of services rendered under the Merchandising Agreement |

Defendant moved to dismiss the claims against it under Federal Rule of Civil Procedure

12(b)(6), and on September 16, 2019, Judge Gross issued an opinion denying the motion, except

with respect to one transfer.[4]

The parties thereafter engaged in several meet and confers to attempt to reach agreement

on a scheduling order for discovery but were unable to agree on some "threshold" issues and thus

---

[4] As the Complaint sets forth many transfers in addition to those relevant here, I have included the chart contained in Judge Gross's Memorandum Opinion on Defendant's Motion to Dismiss, Adv. D.I. 84 at 9. See also Complaint, Adv. D.I. 1 at ¶¶ 208, 221, 227, and 241. In his ruling, Judge Gross dismissed the claims asserted with respect to Transfer Number 4 in Counts I and IV of the Complaint. See Order on ANConnect, LLC and Anderson Merchandisers, LLC's Motion to Dismiss, Adv. D.I. 106.

never began formal discovery.  The Trustee has nonetheless produced the documents of the

Debtors that were in his possession and control.[5]

On August 28, 2020, Defendant filed this Motion, by which it argues that partial

summary judgment should be granted with respect to Counts I, II, III and V of the Complaint

because the information contained in the Debtors' documents defeat the Trustee's claims.[6]  The

Trustee opposes the Motion pursuant to Rule 56(d), arguing that judgment should not be entered

against him before he has had an opportunity to take discovery from the Defendant.

**ANALYSIS**

Federal Rule of Procedure 56(d) provides that "if a nonmovant shows by affidavit or

declaration that, for specified reasons, it cannot present facts essential to justify its opposition,

the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or

declarations or to take discovery; or (3) issue any other appropriate order.  Fed. R. Civ. Proc.

56(d) (previously 56(f)).

As the Third Circuit has stated, invocation of Rule 56(d) is "the proper recourse of a

party faced with a motion for summary judgment who believes that additional discovery is

necessary before he can adequately respond to that motion." *Murphy v. Millennium Radio Grp.

LLC*, 650 F.3d 295, 309-10 (3d Cir. 2011) *(quoting Doe v. Abington Friends School*, 480 F.3d

252, 257 (3d Cir. 2007)).  "District courts usually grant properly filed Rule [56(d)] motions as a

---

[5] Opposition Brief, Adv. D.I. 151 at 21.
[6] Opening Brief, Adv. D.I. 143 at 3-4.  Count I asserts a claim for actual fraudulent transfer under Section 548(a)(1)(A) of the Bankruptcy Code, Count II asserts a claim for constructive fraudulent transfer pursuant to Section 548(a)(1)(B) of the Bankruptcy Code, Count III asserts a claim for unjust enrichment, and Count V asserts a claim for actual and constructive fraudulent transfer under Delaware's Uniform Fraudulent Transfers Act, 6 Del. C. §§ 1304(a) and 1305(a).

matter of course. This is particularly so when there are discovery requests outstanding or relevant facts are under the control of the moving party." *Id*.

To invoke Rule 56(d) in response to a summary judgment motion, "the party asserting such a defense should state what particular information is sought, how such information would preclude summary judgment and why it has not been previously obtained." *In re Deb Stores Holding LLC*, Nos. 14-12676 (KG), 16-51003 (KG), 2018 Bankr. LEXIS 903, at \*25 (Bankr. D. Del. Mar. 28, 2018). "This three-part test is meant to offer guidance to the court in exercising its discretion under Rule 56(d) and is not exhaustive." *Id.*

Defendant claims that the evidence produced by the Trustee establishes that (a) the Debtors received reasonably equivalent value and (b) the ANConnect Acquisition was entered into in arm's length and in good faith, thereby defeating the Trustee's claims. Specifically, Defendant argues that the Debtors' documents conclusively demonstrate that the Debtors were fully informed and advised by sophisticated third parties on all aspects of the acquisition, that the acquisition itself was a fair market transaction between parties under no compulsion to close, and that there is no evidence that Debtors received less than reasonably equivalent value.[7]

In his opposition, the Trustee argues that issues of reasonably equivalent value and intent are fact sensitive and require discovery, the scope and relevance of which were set forth both in his brief and accompanying declaration submitted by the Trustee's litigation counsel.[8] He further argues that he has not already obtained this discovery, despite the complaint having been filed nearly four years ago, because the Defendant has rebuffed his every effort to move things forward.[9]

---

[7] Adv. D.I. 143 (Opening Brief). See also Memorandum Opinion, Adv. D.I. 84 at 18 (Judge Gross discussing "alleged flaws in the negotiation process").
[8] Adv. D.I. 151.
[9] *Id.* at 21.

Defendant replies that discovery is not needed here because (1) the Trustee is seeking discovery outside the scope of the complaint; (2) the Trustee already has all relevant information in his custody or control; and (3) the information the Trustee does have conclusively establishes facts that bar the Trustee's claims.  I disagree.

First, while Defendant argues that the Trustee's request for discovery regarding the due diligence performed is unsupported by any allegations regarding a flawed diligence process, the Complaint plainly alleges numerous red flags that should have alerted the Debtors that the purchase price was vastly overinflated.[10]  Further, Defendant's assertion that the Trustee is not entitled to ANConnect's internal evaluation of the transaction because there is no contention of any fraud or misconduct by ANConnect with respect to the ANConnect transaction in the complaint is also incorrect.  The Complaint asserts claims for both actual and constructive fraud against ANConnect and alleges, among other things, that "ANConnect knew or should have known of the deficiencies in its business, knew or should have known that Alchemy was insolvent and with inadequate capital, and knew or should have known that Alchemy was paying a vastly overinflated price therefor, and as such did not take the Anderson Purchase Price in good faith."[11]

Next, Defendant's argument that the Trustee fails to identify any information needed that is not already in the Trustee's possession or control also lacks merit.  The Trustee's list of discovery sought includes: internal ANConnect communications regarding the acquisition negotiations, calculation of the purchase price, scope of assumed liabilities, and post-closing adjustments, as well as internal records and communications regarding ANConnect's assets, liabilities, operation and valuation, among other things.  This information will shed light on

---

[10] See, *e.g.* Compl. ¶ 69-72.
[11] Compl. ¶ 84

ANConnect's value, which is directly relevant to the question of whether Debtors received

reasonably equivalent value in the acquisition (as discussed further below), and will shed light on

ANConnect's intent, which is directly relevant to the question of whether it entered into the

transaction in good faith.  While the Trustee also lists discovery it seeks from third parties or

other defendants, none of that can provide insight into ANConnect in the same manner that its

internal communications and depositions of its employees will.

Finally, Defendant's argument that the information already in the Trustee's possession

conclusively establishes facts that bar his claims is unconvincing.  Defendant contends the

Debtors' documents include all the facts relevant to the Trustee's claim that there was a lack of

reasonably equivalent value.  Specifically, Defendant states that:

> Our Alchemy's internal consideration of and determinations made in deciding to
> proceed with the ANConnect Acquisition, including determinations made by Our
> Alchemy with the support of its lender and advisors relative to the value of the
> ANConnect Assets and related business, is the only determination that matters.
> The fact that due diligence was conducted by BDO and SunTrust Robinson
> Humphrey, which lead to SunTrust Bank making a loan to facilitate the
> ANConnect Transaction, locks down the issue of reasonably equivalent value. [12]

Defendant misunderstands the law.

"Reasonably equivalent value" is not a term that is defined in the Bankruptcy Code, but

the Third Circuit has explained that "a party receives reasonably equivalent value for what it

gives up if it gets 'roughly the value it gave.'" *VFB LLC v. Campbell Soup Co.*, 482 F.3d 624,

631 (3d Cir. 2007) (quoting *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 213 (3d Cir. 2006)).  In

determining whether reasonably equivalent value was given, the Third Circuit utilizes a totality

of the circumstances test.  *In re Am. Bus. Fin. Servs., Inc.*, 361 B.R. 747, 760 (Bankr. D. Del.

2007). Totality of the circumstances "tak[es] into account the good faith of the parties, the

---

[12] Reply Brief, Adv. D.I. 157 at 7.

difference between the amount paid and the market value, and whether the transaction was at arms' length." *In re Charys Holding Co.*, 443 B.R. 628, 637 (Bankr. D. Del. 2010) (internal quotations omitted).[13] Accordingly, while Defendant is correct that a finding that a transaction was conducted at arm's length would weigh in favor of a finding of reasonably equivalent value, it is not determinative of the question of whether reasonably equivalent value was received. In other words, it is possible that a transaction could both be conducted at arm's length and still not result in the Debtors getting "roughly the value they gave." The Trustee is entitled to see what Defendant's internal documents show about the value of the company and their internal view of the transaction, as well as speak to those involved.

For these reasons, the Motion is DENIED pursuant to Rule 56(d), without prejudice to Defendant to renew the Motion following the completion of discovery.

SO ORDERED.

Date: May 12, 2022

John T. Dorsey, U.S.B.J.

---

[13] Notably, this Court has observed that this determination "typically requires testing through the discovery process." *Id.* at 638.