# EXHIBIT 39

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------X

| | |
|---|---|
| EMIGRANT BANK, PACIFIC MERCANTILE BANK, | **INDEX NO.** 654350/2021 |
| Plaintiff, | **MOTION DATE** |
| - v - | **MOTION SEQ. NO.** 001 |
| VIRGO INVESTMENT GROUP LLC., VIRGO SOCIETAS PARTNERS, LLC, VIRGO SOCIETAS PARTNERSHIP III (ONSHORE), L.P., VIRGO SOCIETAS PARTNERSHIP III (OFFSHORE), L.P., VIRGO SERVICE COMPANY, LLC, JESSE WATSON, MARK PEREZ, DOES 1 THROUGH 10, INCLUSIVE | **DECISION + ORDER ON MOTION** |
| Defendant. | |

-----------------------------------------------------------------------------X

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32
were read on this motion to/for                                        DISMISS                                        .

Upon the foregoing documents, the Defendants' motion to dismiss pursuant to CPLR 3211 is granted without prejudice because the Plaintiffs lack standing to bring this lawsuit. The Lenders agreed to a process by which if the Required Lenders (hereinafter defined) directed the Administrative Agent to bring suit, the Administrative Agent (*Beal Sav. Bank v Sommer*, 8 NY3d 318 [2007]) was required to bring a lawsuit in respect of the loan and any claims arising out of the loan if the Required Lenders sent them written notice (NYSCEF Doc. No. 4, § 8.1). It matters not that the claims here asserted are fraud and fraudulent inducement as to an affiliate of the borrower and the guarantor under the loan. These claims are based on the loan and the fact is that the Administrative Agent must bring claims against the Virgo entities and they may well be the alter-egos of Alchemy and Calrissian who allegedly fabricated cash flows to induce the lender-plaintiff to underwrite this loan. No fraud is alleged as to the agreement of the Lenders to

654350/2021    vs.                                                                                                        Page 1 of 5
Motion No. 001

1 of 5

require that the Required Lenders authorize the Administrative Agent to bring a lawsuit and as such this agreement is presumed valid even taking the plaintiffs allegations as true for the purpose of this motion.

For completeness, there is a currently a matter pending the United States District Court for the Southern District of New York (the **SDNY Court**) captioned *Emigrant Bank and Pacific Mercantile Bank v SunTrust Bank, et al*, 20-cv-02391 where the lender-plaintiff has sued the Administrative Agent for its failure to bring the very claims at issue here.  Should the SDNY Court dismiss the action, the plaintiffs may refile their lawsuit here within 45 days of such dismissal.

## THE RELEVANT FACTS AND CIRCUMSTANCES

Pacific Mercantile Bank entered into an Amended and Restated Revolving Credit and Term Loan Agreement (the **Amended Loan Agreement**; NYSCEF Doc. No. 4), dated as of July 9, 2015, as a Lender, along with several other Lenders, to establish a $20 million revolving credit facility in favor of and to make term loans in an aggregate principal amount equal to $20 million to Our Alchemy, LLC (the **Borrower**), which was purchased by Calrissian, LP (**Calrissian**), a shell company established by the Defendants.  Emigrant Bank joined the Amended Loan Agreement as a Lender by a Term Loan Joinder Agreement (NYSCEF Doc. No. 5), dated as of July 10, 2015, and agreed to provide $14.5 million in term loans.  The loans were guaranteed by a Guaranty and Security Agreement (the **Guaranty Agreement**; NYSCEF Doc. No. 3), pursuant to which Calrissian granted the Lenders a secured interest in all of its property, tangible or intangible, with certain exceptions.

Pursuant to the Amended Loan Agreement, SunTrust Bank, one of the Lenders, was named as the Administrative Agent (NYSCEF Doc. No. 4, at 1). The Amended Loan Agreement provided that, in the event of an Event of Default,

> "the Administrative Agent may, and upon the written request of the Required Lenders shall, by notice to the Borrower, take any or all of the following actions, at the same or different times: (i) terminate the Commitments, whereupon the Commitment of each Lender shall terminate immediately, (ii) declare the principal of and any accrued interest on the Loans, and all other Obligations owing hereunder, to be, whereupon the same shall become, due and payable immediately, without presentment, demand, protest or other notice of any kind, all of which are hereby waived by the Borrower, (iii) exercise all remedies contained in any other Loan Document, and (iv) exercise any other remedies available at law or in equity…"

(*id.*, § 8.1). Required Lenders means Lenders holding more than 50% of the aggregate outstanding revolving commitments and term loans (*id.*, at 36).

The Plaintiffs allege that the Defendants fraudulently induced them to enter into the Amended Loan Agreement by inflating the Borrower's financial statements through a channel stuffing scheme. The Defendants obtained an accounting report of the Borrower when conducting its due diligence prior to the purchase of the Borrower, but allegedly changed the negative assessment in the final report. Finally, the Plaintiffs allege that Calrissian had no property with which to guaranty the loans other than its equity interest in the Borrower, and that the Defendants failed to disclose that to the Plaintiffs.

The Borrower filed for bankruptcy on July 1, 2016. Calrissian filed for bankruptcy on February 16, 2017, and that bankruptcy was closed on January 9, 2020. The Administrative Agent filed an action against Calrissian on behalf of the Lenders in the Supreme Court of the State of New York

on August 5, 2016 (*SunTrust Bank v Calrissian LP*, Index No. 654148/2016, Chan, J.). The Plaintiffs have also filed the action referenced above against the Administrative Agent in the SDNY Court.

The Plaintiffs filed this action by summons and complaint (NYSCEF Doc. No. 1), dated July 9, 2021, asserting causes of action for fraudulent misrepresentation (first cause of action), fraudulent concealment (second cause of action), aiding and abetting fraud (third cause of action), tortious interference with contract (fourth cause of action), and unjust enrichment (fifth cause of action).

## DISCUSSION

This action is dismissed for lack of standing. The Amended Loan Agreement expressly provides that the Authorized Agent was required to act on behalf of the Lenders when requested by the Lenders holding more than 50% of the aggregate outstanding revolving commitments and term loans. To allow the individual Lenders to bring an action without the Authorized Agent would render meaningless the provision requiring the Authorized Agent to act upon written request of the Required Lenders (*Beal Sav. Bank*, 8 NY3d at 328). Stated differently, the Individual Lenders lack standing to bring claims premised on a loan transaction where they have delegated the Authorized Agent to do so on behalf of all of the Lenders when the Required Lenders authorize and direct the same (*id.*). It is of no moment that the causes of action asserted in this action are not contractually based and sound in fraud. There is no claim that the Plaintiffs were fraudulently induced to agreed to the administration agreement as to the loan with the other Lenders designating the Administrative Agent to bring the claim.

It is hereby ORDERED that this action is dismissed, provided, however, that if the United States District Court for the Southern District of New York grants the Administrative Agent's pending motion to dismiss in the case brought by the Plaintiffs against the Administrative Agent, the Plaintiffs shall be authorized to replead their complaint in this action within 45 days of the date of the order granting such dismissal.

| 2/9/2022 | | |
|---|---|---|
| DATE | | ANDREW BORROK, J.S.C. |

| CHECK ONE: | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- |
| | X GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |