**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OUR ALCHEMY, LLC, *et al.*,<br><br>        *Debtors*.[1] | Chapter 7<br><br>Lead Case No. 16-11596-JTD<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee for the jointly administered bankruptcy estates of Our Alchemy, LLC and Anderson Digital, LLC,<br><br>        *Plaintiff*,<br>v.<br><br>ANCONNECT, LLC, *et al.*,<br><br>        *Defendants*. | Re: D.I. 957, 982, 983, 985, 990, 991, 992, 994, 995, 996 and 997<br><br>Adv. Pro. No. 18-50633-JTD<br><br>Re: Adv. D.I. 214, 220, 221, 239, 240, 247, 248, 249, 250, 251, 252 and 253. |

**ORDER GRANTING IN PART AND
DENYING IN PART THE CHAPTER 7 TRUSTEE'S MOTION FOR
ENTRY OF BAR ORDER AND SANCTIONS FOR VIOLATING THE AUTOMATIC
STAY AGAINST EMIGRANT BANK AND PACIFIC MERCANTILE BANK**

Upon consideration of the *Motion for Entry of Bar order and Sanctions for Violating the Automatic Stay* [D.I. 957; Adv. D.I. 214] (the "Motion")[2] filed by George L. Miller in his capacity as chapter 7 trustee (the "Trustee") of the above-referenced debtors (together, the "Debtors") seeking entry of a bar order and sanctions for violating the automatic stay against Emigrant Bank ("Emigrant") and Pacific Mercantile Bank ("PMB," together with Emigrant, the "Responding Banks") in relation to the Responding Banks' commencement of the action in the Commercial Division of the New York Supreme Court styled *Emigrant Bank vs. Virgo Investment Group LLC*,

---

[1]   The Debtors in these chapter 7 cases are Our Alchemy, LLC, Case No. 16-11596 and Anderson Digital, LLC, Case No. 16-11597.

[2]   Capitalized terms shall have the same meaning ascribed in the Motion unless otherwise defined herein.

Index No. 654350/2021 (the "State Court Action") against Virgo Investment Group, LLC, Virgo Societas Partners, LLC, Virgo Societas Partnership III (Onshore), L.P., Virgo Societas Partnership III (Offshore), L.P., Virgo Services Company, LLC, Jesse Watson, and Mark Perez (collectively, the "Virgo Parties"); and consideration of the objections, joinders, responses, replies, supporting declarations and supplemental pleadings filed by the Trustee, Responding Banks and Virgo Parties in relation to the Motion; and it appearing that the Court having jurisdiction to consider the relief sought in the Motion in accordance with 28 U.S.C. § 1334; and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and proper notice of the Motion having been given under the circumstances; and the record at the hearing held on September 21, 2022 ("Hearing"); and after due deliberation thereon, and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that:

1. The Court finds that causes of action asserted by the Responding Banks in the State Court Action are not barred and do not violate the automatic stay because the claims in the State Court Action do not belong to the Debtors' estates and are not based on an alter ego theory of liability.

2. The Trustee's request for sanctions against the Responding Banks for violations of the automatic stay are denied.

3. The Trustee's right to renew his motion to bar the Responding Banks from seeking to recover damages from the Virgo Parties based on an alter ego theory of liability (*i.e.*, based upon the actions and liability of the Debtors alone and not the Virgo parties' own actions) is fully preserved.

IMPAC 10400519v.1

3

4. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation and/or enforcement of this Order.