**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| OUR ALCHEMY, LLC, *et al.*, | Case No. 16-11596-JTD |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 1010** |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee for the jointly administered bankruptcy estates of Our Alchemy, LLC and Anderson Digital, LLC, | Adv. Pro. No. 18-50633-JTD |
| *Plaintiff,* | **Re: Docket No. 266** |
| v. | |
| ANCONNECT, LLC, *et al.*, | |
| *Defendants.* | |

**LENDERS' EMERGENCY MOTION TO EXPEDITE MOTION**
**TO AMEND AND SUPPLEMENT THE COURT'S OCTOBER 13, 2022**
**ORDER PURSUANT TO CIVIL RULES 52(b), 59(e), AND 60**

Emigrant Bank ("Emigrant") and Pacific Mercantile Bank ("PMB" and, together with Emigrant, the "Lenders"), lenders to the debtors in the above-captioned chapter 7 cases, by and through their undersigned counsel respectfully requests an expedited schedule to adjudicate its *Motion to Amend and Supplement the Court's October 13, 2022 Order Pursuant to Civil Rules 52(b), 59(e), and 60* [Docket No. 1010; 18-50633 Adv. Docket No. 266] (the "Motion to Amend")[1].

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion to Amend.

1.      The Lenders submit this motion to expedite (the "Motion to Expedite") because the determination of the Motion to Amend may bear on a pending appeal in the New York State Supreme Court Appellate Division (the "New York State Court") in which a decision is imminent. The Lenders have appealed from the dismissal of their claims against Virgo by the New York State Supreme Court Commercial Division.  The Lenders' appeal is pending before the First Department of the New York State Court.  The New York State Court held oral argument on Wednesday, November 2, 2022 (the "November 2 Hearing").  The Lenders anticipate that the New York State Court will render a ruling within three weeks of the oral argument.  Because, as set forth below, the Lenders expect the New York State Court's ruling to depend on the substance of this Court's ruling on the Motion to Amend, the Lenders respectfully request an expedited hearing regarding clarification of this Court's order (Adv. Docket No. 264) (the "Order"), so the parties can provide necessary and accurate information to the New York State Court.

2.      Virgo, as the Lenders feared upon the entry of the Order, have already attempted to use the ambiguity they proposed for the form of the Order in New York State Court to an unfair advantage.  In the Motion to Amend, the Lenders highlighted the substantial threat of prejudice created by the language drafted by Virgo and the Trustee in the Order, namely that "Virgo will attempt to relitigate issues related to the nature of the Virgo Litigation in New York State Court and may not accurately express the nature of the Order in that forum."  Mot. to Amend ¶ 22.  Those concerns have already proven justified.

3.      At the November 2 hearing, the New York State Court inquired about the status of the Trustee's Bar Motion.  Virgo argued that this Court did not exercise any judgment with respect to the propriety of the State Court Action; represented that the Bankruptcy Court had said that Lenders are not allowed to make claims based on alter ego allegations (in contrast with alter ego

2

theories of liability); and represented, at one point, that ***this Court said the Lenders cannot bring their claims because "those claims were before the bankruptcy court and were settled as part of that proceeding."***

4.      In doing so, Virgo sought to take advantage of the very issues that Lenders identified in the Motion to Amend, namely relitigating matters already decided by this Court (which are undoubtedly for this Court to decide[2]) and relying on an injunction in the Order that constitutes an unconstitutional advisory opinion.[3]   Virgo's attempt to use the Order in this way (while being well aware that the Lenders had filed the Motion to Amend) threatens to result in an appellate decision that is inconsistent with this Court's determination that the Virgo Litigation is not barred because the claims brought therein are not property of the estate and do not violate the automatic stay.

5.      The New York State Court's questions at the November 2 Hearing also demonstrated the confusion caused by the Order, as entered.  Indeed, the very first question at the hearing showed that the New York State Court misunderstood this Court's decision and read the Order as barring the Virgo Litigation, asking counsel to confirm that this Court said that Lenders violated the automatic stay by bringing this action.

6.      Given Virgo's actions to take advantage of the absence of findings and advisory nature of the Order, as entered, and the real and urgent risk that the New York State Court will misunderstand the Order in making its decision on appeal, we seek expedited consideration of the

---

[2]      *See In re Affirmative Ins. Holdings, Inc.*, 565 B.R. 566, 583 (Bankr. D. Del. 2017) ("The power of bankruptcy courts to determine if a particular asset constitutes property of the bankruptcy estate is clear.  As one bankruptcy court stated, '[*t]he determination of what constitutes property of the bankruptcy estate is inherently an issue to be determined by the bankruptcy court*.' Another bankruptcy court rightly indicated that, '... the bankruptcy court always has jurisdiction to determine what is, or is not, property of the bankruptcy estate under 11 U.S.C. § 541.'") (emphasis added and internal citations omitted).

[3]      *See* Motion to Amend at ¶¶ 26-35.

Motion to Amend such that the Lenders may supplement the New York State Court record to accurately reflect this Court's decision on the Bar Motion.  This matter is particularly urgent since, based on prior experience, a decision by the New York State Court is expected to occur *within three weeks of the November 2 hearing*.

7.      As such, the Lenders respectfully request that the court enter an order, substantially in the form attached hereto as **Exhibit A**, providing for disposition of the Motion to Amend on the below expedited schedule:

    a.   Objection Deadline: Thursday, November 10, 2022 (notably, this Motion to Expedite *does not seek to alter the Trustee's or Virgo's deadline to respond to the Motion to Amend*);

    b.   Reply Deadline: Monday, November 14, 2022;

    c.   Hearing on Motion to Amend: at the Court's earliest convenience following the reply deadline.

8.      Under Local Rule 7007-1, the Court has the discretion to alter the default briefing schedule in an adversary proceeding.  Del. Bankr. L.R. 7007-1 (schedule may be modified by court order); *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) (noting that every court has the inherent power to "schedule disposition of the cases on its docket to promote fair and efficient adjudication").   In addition, Local Rule 9006-1(e), provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).

9.      Pursuant to Local Rule 9006-1(e), counsel for the Lenders has notified counsel to the chapter 7 trustee, counsel for Virgo and counsel to the United States Trustee of the relief requested in this Motion to Expedite.  The Lenders have not received a response from counsel to

4

the chapter 7 trustee and counsel for Virgo.  The United States Trustee takes no position with respect to the request for expedited consideration.

WHEREFORE, the Lenders respectfully request that the Court enter the proposed order attached hereto expediting consideration of the Lenders' request to amend and supplement the Court's Order, and grant such other relief as the Court deems proper.

Dated: November 8, 2022                          Respectfully submitted,

*/s/ Andrew L. Brown*
L. Katherine Good (Bar No. 5101)
Andrew L. Brown (No. 6766)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Email: kgood@potteranderson.com
        abrown@potteranderson.com

 - and -

Victor Noskov (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Email: victornoskov@quinnemanuel.com

*Attorneys for the Lenders*

IMPAC 10428040v.4