# Exhibit 1

1              NEW YORK SUPREME COURT

2         APPELLATE DIVISION FIRST DEPARTMENT

3            ------------------------

4                 No. 2022-01054

5            ------------------------

6        EMIGRANT BANK and PACIFIC MERCANTILE BANK,

7                          Plaintiffs-Appellants,

8                      -against-

9         VIRGO INVESTMENT GROUP LLC, VIRGO SOCIETAS

10        PARTNERS, LLC, VIRGO SOCIETAS PARTNERSHIP III

11       (ONSHORE), L.P., VIRGO SOCIETAS PARTNERSHIP III

12        (OFFSHORE), L.P., VIRGO SERVICE COMPANY, LLC,

13      JESSE WATSON, MARK PEREZ and DOES 1 THROUGH 10,

14                      INCLUSIVE,

15                          Defendants-Respondents.

16           ------------------------

17                  Oral Argument

18               November 2, 2022

19   B E F O R E :

20   HON. ROLANDO T. ACOSTA

21   HON. CYNTHIA KERN

22   HON. ANIL C. SINGH

23   HON. SALIANN SCARPULLA

24   HON. BAHAATI PITT

25   Appellant Judges

Page 2

1    A P P E A R A N C E S:

2

3    QUINN EMANUEL URQUHART & SULLIVAN, LLP

4         Attorneys for Plaintiffs-Appellants

5         865 S. Figueroa St., 10th Floor

6         Los Angeles, CA 90017

7

8    BY:  GARY E. GANS

9

10   ALLEN & OVERY

11        Attorneys for Defendants-Respondents

12        1221 Avenue of the Americas

13        New York, NY 10020

14

15   BY:  EMANUEL GRILLO

16

17

18

19

20

21

22

23

24

25

1              P R O C E E D I N G S

2              HON. ROLANDO T. ACOSTA:  Emigrant Bank.

3              MR. GANS:  May it please the Court,

4    Gary Gans on behalf of Appellants and Plaintiffs.

5              Interestingly, this case has two issues

6    both involving standing.  The threshold issue is

7    Virgo's standing to enforce the terms of the

8    credit agreement.  Virgo has abandoned the

9    arguments they made below --

10             HON. ANIL C. SINGH:  Can you start with

11   the -- what happened in bankruptcy court?  I

12   understand it's outside the record, but -- well,

13   did bankruptcy court issue an order in this case?

14             MR. GANS:  Yes.

15             HON. ANIL C. SINGH:  And what was that

16   order they issued?

17             MR. GANS:  The bankruptcy court did not

18   enjoin this action, did not find a violation of

19   the automatic stay so we are good to go.

20             HON. ANIL C. SINGH:  So there's no bar

21   order?  Is that right?

22             MR. GANS:  Correct.

23             HON. ANIL C. SINGH:  Okay.

24             MR. GANS:  The bankruptcy court -- just

25   for completeness -- did say we cannot bring alter

                                             Page 4

1     ego claims against Virgo but we are not doing

2     that.

3              HON. CYNTHIA KERN:  Counsel, wasn't

4     that the linchpin of the decision below?  Wasn't

5     that the whole basis for the decision, that these

6     have to be alter ego claims, that the only way

7     these claims could possible be brought is on a

8     theory of alter ego?  Otherwise, there's no basis

9     for bringing these claims?

10              MR. GANS:  No.  The alter ego

11    allegation is only to provide that Virgo had

12    access to the financial information --

13              HON. CYNTHIA KERN:  Counsel, but you're

14    a stranger to these agreements.

15              HON. ANIL C. SINGH:  Yeah, right.

16              HON. CYNTHIA KERN:  You're a stranger.

17    How can there be any basis for any claim when

18    they're not party to the agreements?

19              MR. GANS:  Virgo made direct

20    representations to my clients.

21              HON. ROLANDO T. ACOSTA:  But Virgo is a

22    non-party to the guarantee agreement, right?

23              MR. GANS:  Correct.

24              HON. ROLANDO T. ACOSTA:  So they're

25    basically Calrissian's alter ego.

1              MR. GANS:  Well, there's -- okay.
2     There's the guarantee agreement and then there's
3     the credit agreement.
4              HON. ROLANDO T. ACOSTA:  Right.
5              MR. GANS:  Your Honor's referring to
6     the guarantee agreement?
7              HON. ROLANDO T. ACOSTA:  Yeah.
8              MR. GANS:  Okay.  Yeah, so we are
9     alleging that Virgo is the alter ego of
10    Calrissian and as the alter --
11             HON. CYNTHIA KERN:  And, counsel -- let
12    me just interrupt you -- and didn't the
13    bankruptcy court just say you can't make that
14    argument?
15             MR. GANS:  No.  The bankruptcy court --
16             HON. CYNTHIA KERN:  Wait a second.  Did
17    the bankruptcy court not say, Plaintiffs violated
18    the automatic stay by bringing this action and
19    that they were not permitted to pursue causes of
20    action based on a theory that any of the
21    Defendants was an alter ego?  Is that not what
22    the bankruptcy court said?
23             MR. GANS:  No.
24             HON. CYNTHIA KERN:  Do you have a copy
25    of the bankruptcy court order?

1              MR. GANS:  I do not.  But we can supply

2     it to the Court.

3              HON. CYNTHIA KERN:  Yeah.  Would you do

4     that for us?

5              MR. GANS:  Yes.  And there's a

6     distinction between Calrissian and -- the Debtor

7     in the bankruptcy is Alchemy so those are two

8     different issues.

9              HON. ROLANDO T. ACOSTA:  Well, they

10    were both in bankruptcy, though, and therefore

11    unreachable.

12             MR. GANS:  Calrissian came out of

13    bankruptcy.  They were at one time in bankruptcy,

14    yes.

15             HON. CYNTHIA KERN:  And that -- these

16    claims were in that bankruptcy proceeding.  These

17    claims didn't post -- these claims postdate that

18    bankruptcy?

19             MR. GANS:  No, but they were not in the

20    bankruptcy --

21             HON. CYNTHIA KERN:  No, I'm not -- I'm

22    saying that they would have been encompassed by

23    that bankruptcy proceeding.  Correct?

24             MR. GANS:  No.

25             HON. CYNTHIA KERN:  Did they postdate

1   the bankruptcy?

2           MR. GANS:  No.

3           HON. CYNTHIA KERN:  Did they predate

4   the bankruptcy?

5           MR. GANS:  They did predate the

6   bankruptcy.

7           HON. CYNTHIA KERN:  So then how come

8   they're not encompassed by the bankruptcy

9   proceeding?

10          MR. GANS:  Because there is no claim of

11  a theory of alter -- based on a theory of alter

12  ego liability between Virgo and Alchemy.  There

13  is no such claim.  There's only a factual claim

14  that they were alter egos so they had access to

15  financial information, and that's what the

16  bankruptcy court --

17          HON. CYNTHIA KERN:  So then what is

18  your claim?  You don't -- how can you claim

19  damages if they made an -- if a non-party -- if

20  the governor of New York makes a false statement

21  to me that has nothing to do with a contract that

22  I have with someone else, how could that be

23  actionable unless they're alter egos of each

24  other?  What is your theory then?

25          MR. GANS:  Well --

1          HON. CYNTHIA KERN:  Why is it

2    actionable as to you?

3          MR. GANS:  One theory is that they

4    misrepresented the assets of Calrissian.  That

5    has nothing to do with the Alchemy bankruptcy,

6    and what the bankruptcy court specifically said

7    at the hearing was that these are direct claims

8    against Virgo that Virgo made misrepresentations.

9    They are not based on an alter ego theory of

10   liability and therefore they do not belong to the

11   trustee and there is no violation of the

12   automatic stay.  So he said we're good to go.

13         HON. CYNTHIA KERN:  Okay.  You're

14   saying with respect to --

15         MR. GANS:  I mean, while you're look --

16         HON. CYNTHIA KERN:  I mean, I don't

17   even have that party as a Defendant here.

18         HON. ROLANDO T. ACOSTA:  Yeah.

19   Alchemy's not a Defendant and Calrissian --

20   they're both in bankruptcy.

21         HON. CYNTHIA KERN: -- a Defendant here.

22   So --

23         HON. ROLANDO T. ACOSTA:  And they are

24   unreachable so you decided that you had a

25   colorable claim against Virgo who's a non-party

1    to the guarantee agreement and they only way you

2    do that is as Calrissian's alter ego.

3              MR. GANS:  Correct.

4              HON. ROLANDO T. ACOSTA:  Now you're

5    saying Virgo did something directly although

6    they're not a -- explain the theory to me.

7              MR. GANS:  Sure.  We have to separate

8    Alchemy and Calrissian.

9              HON. ROLANDO T. ACOSTA:  Okay.

10             MR. GANS:  Calrissian is out of

11   bankruptcy.  There has never been any allegation

12   that our alter ego claim against Virgo, based on

13   its alter ego relationship with Calrissian,

14   violated the automatic stay or that we could not

15   proceed with that.  That's never been alleged.

16             HON. CYNTHIA KERN:  But your underlying

17   theory is about the inability of old Alchemy to

18   pay the credit agreements and that's the --

19   that's the inherent (indiscernible) of your

20   claim.  Misrepresentations were made about the

21   ability to pay this claim in the first instance.

22   The Debtor's inability to pay the claim not

23   Calrissian's inability to pay -- you know, to

24   honor it's guarantee.  So I don't know how it

25   doesn't go back to old Alchemy who is the Debtor.

1              MR. GANS:  Our claim is not that Virgo

2     is responsible for Alchemy's failure to pay under

3     the loan.  Our claim is that Virgo made direct

4     misrepresentations, some involving --

5              HON. CYNTHIA KERN:  But I guess again

6     so what?  That's our whole point.  The only way

7     it becomes a so what is if -- through the alter

8     ego theory.

9              MR. GANS:  I --

10              HON. CYNTHIA KERN:  If somebody who's a

11     stranger tells me tomorrow to go and buy stock

12     that died yesterday, I don't have a claim against

13     that person unless there's a connection.  If it's

14     -- that's my -- that I think is what we're all

15     struggling with.

16              MR. GANS:  The difference is that

17     somebody can have knowledge of -- whether it's

18     Calrissian' financials or Alchemy's financials --

19     without being an alter ego.

20              HON. CYNTHIA KERN:  But what duty do

21     they have to you?  What duty to tell you the

22     truth do they have unless they're an altered ego?

23     They have any duty to tell you the truth.  I can

24     say whatever I want wherever I want whenever I

25     want.  The only time it's actionable is if I have

1     a duty to tell you the truth and so where is the

2     duty?

3                    MR. GANS:  Alchemy -- I mean, I'm sorry

4     -- Virgo has a duty when it makes representations

5     on which the lender's relied --

6                    HON. CYNTHIA KERN:  Why?  Under what --

7     why do they have a duty to you?  Under what

8     theory do they have a duty to you to make --

9     they're not your --

10                    HON. ROLANDO T. ACOSTA:  They're not a

11    party to the agreement.

12                    HON. CYNTHIA KERN:  Why is it

13    reasonable for the Plaintiffs to rely on anything

14    Virgo says when Virgo's a non-party to --

15                    HON. ROLANDO T. ACOSTA:  To the

16    guaranteed agreement.

17                    HON. CYNTHIA KERN:  -- the guarantee or

18    the underlying obligation?  Why -- yeah, why do

19    they have an obligation to tell the truth?

20                    MR. GANS:  Well, that goes right to the

21    heart of what the bankruptcy court held.  The

22    bankruptcy court was aware that we alleged that

23    Virgo had knowledge of Alchemy's financials as

24    its alter ego, that the bankruptcy court was very

25    clear that is different than alleging an alter

1    ego --

2              HON. CYNTHIA KERN:  Okay.  But still

3    you're not explaining to me why they have a duty

4    to tell you the truth.  Why is it -- you weren't

5    their client.  They don't -- you're saying

6    they're not the alter ego of the party who did

7    have a duty to tell you the truth.  Under what

8    theory are you saying that they breached a duty

9    to you?  What duty is it for a stranger to tell

10   you the truth?

11             MR. GANS:  Sure.  When a stranger,

12   whoever it is, has superior knowledge of the

13   financials of another company -- superior

14   knowledge -- they have a duty to tell the truth.

15   That --

16             HON. CYNTHIA KERN:  Where does that

17   come from?

18             HON. ROLANDO T. ACOSTA:  But once the

19   private right of action that you have -- I mean,

20   I can see the FCC or whatever governmental

21   compliance agency will say, you know, you can't

22   lie in your filings and et cetera, but what is

23   that to you?

24             MR. GANS:  Well, what it is to us is

25   that induced us to enter into an agreement for

1   the benefit of Virgo.

2            HON. CYNTHIA KERN:  So you're saying if

3   Merrill Lynch put out a bulletin and saying, we

4   looked at the this company's financial

5   information and boy, does it look good and then

6   you bought stock and your stock tanked, that

7   because Merrill Lynch -- just because they had

8   more information than you had a duty to tell you

9   the truth and that you could sue them for

10  material misrepresentation?

11           HON. ROLANDO T. ACOSTA:  Well, then you

12  can justifiably rely --

13           MR. GANS:  Well, there's a distinction

14  between opinion and facts and what we're dealing

15  with here are facts --

16           HON. CYNTHIA KERN:  Again, I don't -- I

17  just don't -- you tell me a case where that -- a

18  non-party to the agreement has an obligation to

19  tell the truth to you and that you can sue on it

20  in a private cause of action.

21           MR. GANS:  I would be happy to provide

22  that in a letter to the Court.  I don't have it

23  offhand.

24           HON. ROLANDO T. ACOSTA:  So on the

25  issue -- your time run out so maybe you want to -

1    - because I'm going to be asking questions of the

2    other side on this -- I heard your argument in

3    your reply brief with respect to Beal Bank not

4    controlling.  I think differently so tell me why

5    - and that's assuming you get past the issue of

6    standing right?

7            MR. GANS:  Right.

8            HON. ROLANDO T. ACOSTA:  But on the

9    merits, why is Beal not controlling?

10           MR. GANS:  On the standing issue?  I'm

11   sorry, Your Honor.

12           HON. ROLANDO T. ACOSTA:  No, no, no, on

13   the merits.  I mean -- no, on the -- I'm sorry --

14   on the merits of --

15           HON. CYNTHIA KERN:  Why in the face of

16   an agreement that says, only this party can bring

17   a lawsuit, do you get to bring this lawsuit?  I

18   think that's what you're saying, right?

19           HON. ROLANDO T. ACOSTA:  Yeah.

20           MR. GANS:  Okay.  Because that's not

21   what the credit agreement says.  What the credit

22   agreement says in Section 9.13 is that only the

23   administrative agent can bring lawsuits on the

24   collateral documents.  This is not a lawsuit on

25   the collateral documents.  So that's why.

1           Number two, in Beal, 36 of 37 lenders

2     said don't sue and Beal said, it's the collective

3     -- it's the will of the majority -- the required

4     majority -- that counts.  It's not the action of

5     the administrative agent.  Beal involved only a

6     contract action which a key distinction because

7     the Defendant there was obligated under the

8     contract and raised a contract defense and in

9     Beal there was no section -- there was not

10    reference to any section 9.13 or something like

11    that which gives exclusive authority to the

12    administrative agent.

13          And in fact, it's -- one other point in

14    terms of the previous discussion.  There are

15    causes of action in this complaint other than

16    fraud.  So even if ultimately it turns out that

17    we were not justifiable in relying on these

18    representations, we have causes of action for

19    unjust enrichment.  We have causes of action for

20    interference with contract.  We have a cause of

21    action for adding and abetting fraud.  None of

22    those causes of action are impacted by Virgo's

23    duty or lack of duty to disclose to us.  Thank

24    you.

25          MR. GRILLO:  Thank you, Your Honor.

1    May it please the Court, Emanuel Grillo, Allen &

2    Overy, on behalf of the Defendant/Respondents

3    otherwise known as the Virgo parties.

4            So --

5            HON. CYNTHIA KERN:  Can I just ask you

6    --

7            MR. GRILLO:  Yes.

8            HON. CYNTHIA KERN:  Do you agree that

9    the bankruptcy court has not stayed this action?

10           MR. GRILLO:  The bankruptcy court -- I

11   agree the bankruptcy court has not stayed this

12   action.

13           HON. CYNTHIA KERN:  Oh, it hasn't.  It

14   hasn't said that this is not an appropriate

15   action.

16           MR. GRILLO:  Well, no.  The bankruptcy

17   court didn't exercise any judgment with respect

18   to the propriety of the action itself.  What the

19   bankruptcy court said is that what they are not

20   allowed to do which is replete in their complaint

21   is make claims based on alter ego allegations --

22           HON. CYNTHIA KERN:  But we have to make

23   that determination.  If we decide that for them

24   to have viable claims, they have to be based on

25   an alter ego theory, then the bar order to

1    prevent this action from --

2              MR. GRILLO:  That is correct.

3              HON. CYNTHIA KERN:  And if we find the

4    opposite, that they're not alter ego claims, then

5    the bar order does not prohibit it.

6              MR. GRILLO:  That would be --

7              HON. CYNTHIA KERN:  That's what we have

8    to figure out.

9              MR. GRILLO:  I agree with that, Your

10   Honor.

11             HON. ANIL C. SINGH:  Now your adversary

12   argues that there are claims here that aren't

13   predicated on alter ego -- unjust enrichment, for

14   example.  Is that correct?  I mean, are all the

15   claims -- I know that the complaint is replete

16   with that term, but are all the causes of action

17   predicated upon alter ego or is there a

18   separation between the two?

19             MR. GRILLO:  They are all predicated on

20   alter ego and those claims that one might argue

21   are not predicated on alter --

22             HON. ANIL C. SINGH:  Well, unjust

23   enrichment.  How would unjust enrichment, for

24   example, be predicated on alter ego?

25             MR. GRILLO:  The unjust enrichment

Page 18

1    claim says basically that the Virgo parties
2    benefited and what the -- and what those claims
3    effectively do is, they attack the same claims
4    that were brought in the bankruptcy court under
5    fraud transfer theories by the Chapter 7 trustee.
6    So essentially, those claim, i.e., the unjust
7    enrichment claims, are duplicative and -- of what
8    the bankruptcy court addressed and settled with
9    respect to monies that they allege that Virgo
10   took out of the company, all of which was the
11   subject of the Chapter 7 trustee's action against
12   all of the Virgo parties that (indiscernible).
13              HON. CYNTHIA KERN:  And so we didn't
14   have bar order in place obviously when the trial
15   court made its decision, but is your argument
16   that the trial court did hold that all of the
17   claims in this action are based on alter ego?
18              MR. GRILLO:  The trial court admittedly
19   -- well, in its decision -- the pure confines of
20   the trial court's decision -- is that --
21              HON. CYNTHIA KERN:  The standing issue
22   I understand.
23              MR. GRILLO:  Yes.
24              HON. CYNTHIA KERN:  It wasn't about the
25   bar order.

1           MR. GRILLO:  Yes.  I'm sorry, Your

2    Honor.  I missed the last part of that.

3           HON. CYNTHIA KERN:  It was not about

4    the bar order because the bar order --

5           MR. GRILLO:  That's correct.

6           HON. CYNTHIA KERN:  -- had not been

7    issued yet but in the confines of the standing,

8    what is your understanding of what the trial

9    court held about the issue of piercing the

10   corporate veil on alter ego?

11          MR. GRILLO:  Well, there was -- if you

12   look at the transcripts which is part of the

13   record from the hearing, the colloquy there very

14   much mirrored the colloquy that just went on here

15   which is the issues around duty and everything

16   else.

17          And just to correct what was put into

18   the record about what the alter ego allegations

19   are specifically, and this is replete throughout

20   the course of the complaint, counsel I believe

21   said that, you know, well, the alter ego

22   allegation was only with respect to Calrissian --

23   with respect to the guarantee.  That is not

24   correct from their own papers.

25          Paragraph 34, if I may, says,

1    "furthermore, at all times relevant hereto,

2    Calrissian and Alchemy acted as Virgo's alter

3    egos.  Virgo owned and exercised complete

4    dominion and control over Calrissian and Alchemy

5    to perpetrate fraud and other wrongdoings against

6    the Plaintiffs.  Virgo's misuse of the legal

7    forms and shifting of assets from Calrissian

8    Alchemy to Virgo was designed to enrich Virgo and

9    its principals while shielding Virgo from

10   liability to the Plaintiffs."

11         So to Your Honor's point from before,

12   all of these things are wrapped together and if

13   you look in the complaint, there's at least seven

14   or eight other references in the complaint

15   connected to each cause of action where the alter

16   ego is a principal element of that claim.  What

17   the bankruptcy court said is, hey, no, you can't

18   do that.  You can't base your claims because

19   those claims were before the bankruptcy court and

20   were settled as part of that proceeding.

21         You know, the irony here is that it

22   would be okay if that were the only lawsuit

23   involving these parties and the demise of

24   Alchemy, but the bottom line is is, we are now on

25   four lawsuits all together, and I think it's

1    important to take note of all of them.

2    Specifically, with respect to the bankruptcy

3    case, in addition to that, SunTrust as the

4    administrative agent commenced an action against

5    Calrissian as a guarantor and against Virgo

6    Services Company, one of the Defendants in the

7    underlying action and this is what points out the

8    Beal problems that come before this Court and

9    I'll get to that in a moment.

10            The third is the lawsuit commenced by

11    the Plaintiff/Appellants Emigrant and PMB against

12    SunTrust for breach of the same provisions of the

13    loan agreement which they now disavow and attempt

14    to unrun in their pleadings today, the lawsuit in

15    which they failed to disclose in the trial court

16    which we brought to the Court's attention as a

17    remarkable lack of candor.  The bottom line is is

18    that the same provisions that they tell this

19    Court that that they told the trial court did not

20    apply in that federal court action they say is

21    plain and unambiguous.  Section 8.1, there is no

22    dispute.

23            And one more point on that.  When you

24    look at the claims --

25            HON. CYNTHIA KERN:  Wait.  So are you

1   saying that these claims have -- these claims are

2   covered by the federal -- in the federal lawsuit?

3           MR. GRILLO:  These claims are covered

4   to the extent that they assert liability against

5   SunTrust for failing to bring these claims.  In

6   other words, they say they breached the agreement

7   for failing to bring exactly the same alter ego

8   claims that are here.

9           I realize my time is up but I have just

10  one more point that I would like to make in that

11  regard.

12          HON. ANIL C. SINGH:  Could you address

13  the standing issue because that -- you know, your

14  adversary says that we shouldn't follow Beal in

15  this case.  What's your position on that?

16          MR. GRILLO:  And that was the point I

17  was going to make so thank you very much for the

18  opportunity.

19          Very simply, 8.1 and 9.1 of the credit

20  agreement here mirror almost exactly what are 8.3

21  and 9.1 in Beal.  These provisions are exactly on

22  point, meaning that the -- their clients gave and

23  delegated irrevocably the right to bring any

24  claims and causes of action without qualification

25  as to type, without qualification as to timing,

1    and without qualification as to title as to who

2    owns them.

3            Their papers go through 42 other

4    irrelevant provisions of the agreement, and he

5    even raised one today -- Section 9.13 -- as if to

6    say that, oh, well, that's the only place where

7    it's exclusive.  If you look at their papers,

8    they exactly mirror what the dissent said in the

9    court of appeals decision.  All of the

10   shortcomings that the dissent raised that were

11   overruled by the majority in that opinion are

12   basically the foundation of their complaint.

13           HON. ROLANDO T. ACOSTA:  Does it matter

14   that they have a majority of the lenders rather

15   than the minority in Beal?

16           MR. GRILLO:  Well --

17           HON. ROLANDO T. ACOSTA:  They make a

18   lot out of that.

19           MR. GRILLO:  They do.  And they're

20   right to do so because that's the crux of their

21   claim in the federal court action.  The bottom

22   line is is that -- and that's where the authority

23   is and that's why they don't get the right to

24   bring the claims because in theory under the

25   credit agreement, they should be permitted to

```
                                            Page 24
 1    tell the agent what to do.  The agent didn't do

 2    it.  The agent refused and a year and a half

 3    before they --

 4              HON. ROLANDO T. ACOSTA:  Well, SunTrust

 5    -- in fairness, SunTrust sued Calrissian, right -

 6    -

 7              MR. GRILLO:  Yes, they did.

 8              HON. ROLANDO T. ACOSTA:  -- on behalf

 9    of some of the lenders?

10              MR. GRILLO:  And they not only sued

11    Calrissian but they also sued Virgo Services

12    Company which is one of the Defendants in the

13    action here, and this is why credit agreements

14    are designed the way they because now Virgo

15    Services Company is the subject of a lawsuit from

16    the agent.  It's a subject of this lawsuit here,

17    and that's exactly why when Beal came out and --

18    Beal was in place from 2007 so it's not like they

19    didn't know about it.

20              What the court in Beal says is if you

21    want to qualify something, it's your obligation

22    and your duty to do so as a party to the

23    agreement.  Thank you all.

24              HON. ROLANDO T. ACOSTA:  All right.

25    Right.  Thank you.
```

1          MR. GANS:  There are a number of issues

2     that I need to correct the record on.  First of

3     all, the other causes of action are not

4     predicated on alter ego.  The unjust enrichment

5     claim is basically fraud transfers from Alchemy

6     to Virgo.  It has nothing to do with alter ego.

7     Interference with contract, aiding abetting fraud

8     -- they have nothing to do with alter ego, and

9     the bankruptcy court was very clear to

10    distinguish between an allegation of alter ego

11    for purposes of knowledge of financials and alter

12    ego theories of (indiscernible).

13          HON. SALIANN SCARPULLA:  Let me ask you

14    this.  Did you take the position in the federal

15    court that SunTrust was required to bring these

16    claims once you made the demand?

17          MR. GANS:  Absolutely not.

18          HON. SALIANN SCARPULLA:  You didn't?

19          MR. GANS:  Absolutely not.

20          HON. SALIANN SCARPULLA:  What did you

21    say in the federal court?  Why would you have

22    sued them?

23          MR. GANS:  In federal court -- this is

24    key because this involves half of what counsel

25    argued.  In federal court, we sued SunTrust for

1    failing to sue Virgo as the alter ego of

2    Calrissian for breach of a guarantee.  And why

3    that is critical is because Section 9.13 of the

4    credit agreement says that the administrative

5    agent had exclusive authority as to the

6    collateral documents.  That's it.  That's the

7    scope of their exclusive authority and that's why

8    we sued SunTrust in federal court because the

9    guarantee is a collateral document.

10              HON. SALIANN SCARPULLA:  That's the

11   only thing you sued them for failing to bring?

12              MR. GANS:  Yes.

13              HON. SALIANN SCARPULLA:  You didn't

14   bring any other -- you didn't say any of this

15   they failed to bring?

16              MR. GANS:  Correct.  That's absolutely

17   correct.

18              HON. SALIANN SCARPULLA:  There were --

19   okay.  I think your adversary's saying something

20   different so we'll have to figure that out.

21              MR. GANS:  Yes.  They were and they

22   said it repeatedly to the Supreme Court who

23   adopted that and it's absolutely wrong.  Flat

24   wrong, not even arguable.  All we have to do is

25   look at the allegations.  Absolutely wrong.

1          Unjust enrichment was not barred by the

2     bankruptcy court.  The bankruptcy court said

3     nothing about that or the other causes of action.

4     Nothing.  Now 9.13, they continued to give

5     absolutely no meaning to.  They rely on 8.1 which

6     says nothing about Plaintiff's standing or the

7     exclusivity of SunTrust's authority.

8          9.13 does address both of those and

9     what it says is no lender has a right

10    individually to enforce the collateral documents

11    and all remedies under the credit agreement and

12    the collateral documents may be exercised only by

13    the administrative agent.  And what that means,

14    clearly, is that any other claim such as our

15    torte claims and unjust enrichment and all that,

16    are not within the exclusive authority of

17    SunTrust and --

18          HON. SALIANN SCARPULLA:  So -- but if

19    we disagree with you and we find that Beal is

20    applicable, these claims go out on standing

21    grounds even the unjust enrichment and all the

22    other claims.  Correct?

23          MR. GANS:  No.  And let me read --

24          HON. SALIANN SCARPULLA:  I mean,

25    assuming -- I hear what you're saying.  This

Page 28

1    isn't the -- SunTrust doesn't have the exclusive

2    authority, but if SunTrust does then you don't

3    have standing.  Correct?

4              MR. GANS:  No.  And let me explain why.

5    In the appellate division opinion in Beal, it

6    says that --

7              HON. SALIANN SCARPULLA:  I'm just -- if

8    we assume that Beal says what it says and it says

9    -- and we agree that it applies here, you're

10   still saying that you -- under what theory could

11   you bring a claim if you don't have -- if we find

12   that SunTrust is the only one that could have

13   brought the claims?

14             MR. GANS:  Beal expressly deals only

15   with the contract cause of action.

16             HON. SALIANN SCARPULLA:  Again,

17   assuming -- okay.  Great.  Thank you.

18             MR. GANS:  I'm sorry.  If that doesn't

19   answer the question then --

20             HON. SALIANN SCARPULLA:  Good, good.

21   Thank you.

22             HON. ROLANDO T. ACOSTA:  The question

23   is really whether Beal controls and what the

24   court of appeals characterized unequivocal

25   collective design basically precludes you from --

1   as a lender from suing individually.  There's a

2   reason why this scheme was created.

3           MR. GANS:  There's three points on

4   that.  First, what Beal said is the collective

5   design is that the required lenders -- the

6   majority or the super majority in that case --

7   control.  That's not what we have here because

8   the required lenders here opted to sue and Beal

9   36 out of 37 said don't sure.  That's one.

10          Number two --

11          HON. ROLANDO T. ACOSTA:  I don't think

12  that that's even relevant at the core of Beal,

13  whether you have a majority or minority.  The

14  fact is that that is the unequivocal collective

15  design that you came up with.  If you wanted to

16  preserve the right to sue individually, you would

17  have done so.

18          MR. GANS:  Well, that's what --

19          HON. ROLANDO T. ACOSTA:  You should

20  have done so.

21          MR. GANS:  That's what 9.13 does and

22  9.13 -- there's nothing like that that's

23  referenced in Beal.  And in fact, Virgo makes

24  that point inadvertently in their brief.  They

25  say, "in the absence of an express prohibition on

Page 30

1    an action by an individual lender in that case,

2    the Court of Appeals looked at other specific

3    clauses and the agreement as a whole to ascertain

4    the parties' intent."

5              Here, there is such an express

6    provision.  It's 9.13 which they and the Supreme

7    Court give no meaning to.  You have to give some

8    meaning to 9.13, and the fact that it says that

9    they have exclusive authority as to actions to

10   enforce the collateral documents shows that they

11   do not have exclusive authority as to other

12   actions like we have here.

13             HON. ROLANDO T. ACOSTA:  Okay.  Thank

14   you, counsel.  Thank you both.  Great arguments.

15             MR. GANS:  Thank you.

16

17

18

19

20

21

22

23

24

25

Page 31

1          C E R T I F I C A T I O N

2

3    I, Sonya Ledanski Hyde, certify that the

4    foregoing transcript is a true and accurate

5    record of the proceedings.

6

7

8    _____

9

10

11

12

13

14

15

16

17

18

19

20   Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25   Date: November 4, 2022

**&**

**&**   2:3,10 16:1

**1**

**1**   1:13
**10**   1:13
**10020**   2:13
**10th**   2:5
**11501**   31:23
**1221**   2:12

**2**

**2**   1:18
**2007**   24:18
**2022**   1:18 31:25
**2022-01054**   1:4

**3**

**300**   31:22
**330**   31:21
**34**   19:25
**36**   15:1 29:9
**37**   15:1 29:9

**4**

**4**   31:25
**42**   23:3

**7**

**7**   18:5,11

**8**

**8.1**   21:21 22:19
  27:5
**8.3**   22:20
**865**   2:5

**9**

**9.1**   22:19,21
**9.13**   14:22 15:10
  23:5 26:3 27:4,8
  29:21,22 30:6,8

**90017**   2:6

**a**

**abandoned**   3:8
**abetting**   15:21
  25:7
**ability**   9:21
**absence**   29:25
**absolutely**   25:17
  25:19 26:16,23
  26:25 27:5
**access**   4:12 7:14
**accurate**   31:4
**acosta**   1:20 3:2
  4:21,24 5:4,7
  6:9 8:18,23 9:4
  9:9 11:10,15
  12:18 13:11,24
  14:8,12,19 23:13
  23:17 24:4,8,24
  28:22 29:11,19
  30:13
**acted**   20:2
**action**   3:18 5:18
  5:20 12:19
  13:20 15:4,6,15
  15:18,19,21,22
  16:9,12,15,18
  17:1,16 18:11,17
  20:15 21:4,7,20
  22:24 23:21
  24:13 25:3 27:3
  28:15 30:1
**actionable**   7:23
  8:2 10:25
**actions**   30:9,12
**adding**   15:21

**addition**   21:3
**address**   22:12
  27:8
**addressed**   18:8
**administrative**
  14:23 15:5,12
  21:4 26:4 27:13
**admittedly**
  18:18
**adopted**   26:23
**adversary**   17:11
  22:14
**adversary's**
  26:19
**agency**   12:21
**agent**   14:23 15:5
  15:12 21:4 24:1
  24:1,2,16 26:5
  27:13
**agree**   16:8,11
  17:9 28:9
**agreement**   3:8
  4:22 5:2,3,6 9:1
  11:11,16 12:25
  13:18 14:16,21
  14:22 21:13
  22:6,20 23:4,25
  24:23 26:4
  27:11 30:3
**agreements**   4:14
  4:18 9:18 24:13
**aiding**   25:7
**alchemy**   6:7
  7:12 8:5 9:8,17
  9:25 11:3 20:2,4
  20:8,24 25:5
**alchemy's**   8:19
  10:2,18 11:23

**allegation**   4:11
  9:11 19:22
  25:10
**allegations**
  16:21 19:18
  26:25
**allege**   18:9
**alleged**   9:15
  11:22
**alleging**   5:9
  11:25
**allen**   2:10 16:1
**allowed**   16:20
**alter**   3:25 4:6,8
  4:10,25 5:9,10
  5:21 7:11,11,14
  7:23 8:9 9:2,12
  9:13 10:7,19
  11:24,25 12:6
  16:21,25 17:4,13
  17:17,20,21,24
  18:17 19:10,18
  19:21 20:2,15
  22:7 25:4,6,8,10
  25:11 26:1
**altered**   10:22
**americas**   2:12
**angeles**   2:6
**anil**   1:22 3:10,15
  3:20,23 4:15
  17:11,22 22:12
**answer**   28:19
**appeals**   23:9
  28:24 30:2
**appellant**   1:25
**appellants**   1:7
  2:4 3:4 21:11

**appellate** 1:2
28:5
**applicable** 27:20
**applies** 28:9
**apply** 21:20
**appropriate**
16:14
**arguable** 26:24
**argue** 17:20
**argued** 25:25
**argues** 17:12
**argument** 1:17
5:14 14:2 18:15
**arguments** 3:9
30:14
**ascertain** 30:3
**asking** 14:1
**assert** 22:4
**assets** 8:4 20:7
**assume** 28:8
**assuming** 14:5
27:25 28:17
**attack** 18:3
**attempt** 21:13
**attention** 21:16
**attorneys** 2:4,11
**authority** 15:11
23:22 26:5,7
27:7,16 28:2
30:9,11
**automatic** 3:19
5:18 8:12 9:14
**avenue** 2:12
**aware** 11:22

**b**

**b** 1:19

**back** 9:25
**bahaati** 1:24
**bank** 1:6,6 3:2
14:3
**bankruptcy** 3:11
3:13,17,24 5:13
5:15,17,22,25
6:7,10,13,13,16
6:18,20,23 7:1,4
7:6,8,16 8:5,6,20
9:11 11:21,22,24
16:9,10,11,16,19
18:4,8 20:17,19
21:2 25:9 27:2,2
**bar** 3:20 16:25
17:5 18:14,25
19:4,4
**barred** 27:1
**base** 20:18
**based** 5:20 7:11
8:9 9:12 16:21
16:24 18:17
**basically** 4:25
18:1 23:12 25:5
28:25
**basis** 4:5,8,17
**beal** 14:3,9 15:1
15:2,5,9 21:8
22:14,21 23:15
24:17,18,20
27:19 28:5,8,14
28:23 29:4,8,12
29:23
**behalf** 3:4 16:2
24:8
**believe** 19:20
**belong** 8:10

**benefit** 13:1
**benefited** 18:2
**bottom** 20:24
21:17 23:21
**bought** 13:6
**boy** 13:5
**breach** 21:12
26:2
**breached** 12:8
22:6
**brief** 14:3 29:24
**bring** 3:25 14:16
14:17,23 22:5,7
22:23 23:24
25:15 26:11,14
26:15 28:11
**bringing** 4:9
5:18
**brought** 4:7 18:4
21:16 28:13
**bulletin** 13:3
**buy** 10:11

**c**

**c** 1:22 2:1 3:1,10
3:15,20,23 4:15
17:11,22 22:12
31:1,1
**ca** 2:6
**calrissian** 5:10
6:6,12 8:4,19
9:8,10,13 10:18
19:22 20:2,4,7
21:5 24:5,11
26:2
**calrissian's** 4:25
9:2,23

**candor** 21:17
**case** 3:5,13
13:17 21:3
22:15 29:6 30:1
**cause** 13:20
15:20 20:15
28:15
**causes** 5:19
15:15,18,19,22
17:16 22:24
25:3 27:3
**certify** 31:3
**cetera** 12:22
**chapter** 18:5,11
**characterized**
28:24
**claim** 4:17 7:10
7:13,13,18,18
8:25 9:12,20,21
9:22 10:1,3,12
18:1,6 20:16
23:21 25:5
27:14 28:11
**claims** 4:1,6,7,9
6:16,17,17 8:7
16:21,24 17:4,12
17:15,20 18:2,3
18:7,17 20:18,19
21:24 22:1,1,3,5
22:8,24 23:24
25:16 27:15,20
27:22 28:13
**clauses** 30:3
**clear** 11:25 25:9
**clearly** 27:14
**client** 12:5
**clients** 4:20
22:22

collateral  14:24
  14:25 26:6,9
  27:10,12 30:10
collective  15:2
  28:25 29:4,14
colloquy  19:13
  19:14
colorable  8:25
come  7:7 12:17
  21:8
commenced  21:4
  21:10
company  1:12
  12:13 18:10
  21:6 24:12,15
company's  13:4
complaint  15:15
  16:20 17:15
  19:20 20:13,14
  23:12
complete  20:3
completeness
  3:25
compliance
  12:21
confines  18:19
  19:7
connected  20:15
connection
  10:13
continued  27:4
contract  7:21
  15:6,8,8,20 25:7
  28:15
control  20:4
  29:7
controlling  14:4
  14:9

controls  28:23
copy  5:24
core  29:12
corporate  19:10
correct  3:22
  4:23 6:23 9:3
  17:2,14 19:5,17
  19:24 25:2
  26:16,17 27:22
  28:3
counsel  4:3,13
  5:11 19:20
  25:24 30:14
country  31:21
counts  15:4
course  19:20
court  1:1 3:3,11
  3:13,17,24 5:13
  5:15,17,22,25
  6:2 7:16 8:6
  11:21,22,24
  13:22 16:1,9,10
  16:11,17,19 18:4
  18:8,15,16,18
  19:9 20:17,19
  21:8,15,19,19,20
  23:9,21 24:20
  25:9,15,21,23,25
  26:8,22 27:2,2
  28:24 30:2,7
court's  18:20
  21:16
covered  22:2,3
created  29:2
credit  3:8 5:3
  9:18 14:21,21
  22:19 23:25
  24:13 26:4

27:11
critical  26:3
crux  23:20
cynthia  1:21 4:3
  4:13,16 5:11,16
  5:24 6:3,15,21
  6:25 7:3,7,17
  8:1,13,16,21
  9:16 10:5,10,20
  11:6,12,17 12:2
  12:16 13:2,16
  14:15 16:5,8,13
  16:22 17:3,7
  18:13,21,24 19:3
  19:6 21:25

**d**

d  3:1
damages  7:19
date  31:25
dealing  13:14
deals  28:14
debtor  6:6 9:25
debtor's  9:22
decide  16:23
decided  8:24
decision  4:4,5
  18:15,19,20 23:9
defendant  8:17
  8:19,21 15:7
  16:2
defendants  1:15
  2:11 5:21 21:6
  24:12
defense  15:8
delegated  22:23
demand  25:16

demise  20:23
department  1:2
design  28:25
  29:5,15
designed  20:8
  24:14
determination
  16:23
died  10:12
difference  10:16
different  6:8
  11:25 26:20
differently  14:4
direct  4:19 8:7
  10:3
directly  9:5
disagree  27:19
disavow  21:13
disclose  15:23
  21:15
discussion  15:14
dispute  21:22
dissent  23:8,10
distinction  6:6
  13:13 15:6
distinguish
  25:10
division  1:2 28:5
document  26:9
documents
  14:24,25 26:6
  27:10,12 30:10
doing  4:1
dominion  20:4
duplicative  18:7
duty  10:20,21,23
  11:1,2,4,7,8 12:3
  12:7,8,9,14 13:8

15:23,23 19:15
24:22

**e**

**e** 1:19,19 2:1,1,8
3:1,1 31:1
**effectively** 18:3
**ego** 4:1,6,8,10,25
5:9,21 7:12 8:9
9:2,12,13 10:8
10:19,22 11:24
12:1,6 16:21,25
17:4,13,17,20,24
18:17 19:10,18
19:21 20:16
22:7 25:4,6,8,10
25:12 26:1
**egos** 7:14,23
20:3
**eight** 20:14
**element** 20:16
**emanuel** 2:3,15
16:1
**emigrant** 1:6 3:2
21:11
**encompassed**
6:22 7:8
**enforce** 3:7
27:10 30:10
**enjoin** 3:18
**enrich** 20:8
**enrichment**
15:19 17:13,23
17:23,25 18:7
25:4 27:1,15,21
**enter** 12:25
**essentially** 18:6

**et** 12:22
**exactly** 22:7,20
22:21 23:8
24:17
**example** 17:14
17:24
**exclusive** 15:11
23:7 26:5,7
27:16 28:1 30:9
30:11
**exclusivity** 27:7
**exercise** 16:17
**exercised** 20:3
27:12
**explain** 9:6 28:4
**explaining** 12:3
**express** 29:25
30:5
**expressly** 28:14
**extent** 22:4

**f**

**f** 1:19 31:1
**face** 14:15
**fact** 15:13 29:14
29:23 30:8
**facts** 13:14,15
**factual** 7:13
**failed** 21:15
26:15
**failing** 22:5,7
26:1,11
**failure** 10:2
**fairness** 24:5
**false** 7:20
**fcc** 12:20
**federal** 21:20
22:2,2 23:21

25:14,21,23,25
26:8
**figueroa** 2:5
**figure** 17:8
26:20
**filings** 12:22
**financial** 4:12
7:15 13:4
**financials** 10:18
10:18 11:23
12:13 25:11
**find** 3:18 17:3
27:19 28:11
**first** 1:2 9:21
25:2 29:4
**flat** 26:23
**floor** 2:5
**follow** 22:14
**foregoing** 31:4
**forms** 20:7
**foundation**
23:12
**four** 20:25
**fraud** 15:16,21
18:5 20:5 25:5,7
**furthermore**
20:1

**g**

**g** 3:1
**gans** 2:8 3:3,4,14
3:17,22,24 4:10
4:19,23 5:1,5,8
5:15,23 6:1,5,12
6:19,24 7:2,5,10
7:25 8:3,15 9:3
9:7,10 10:1,9,16
11:3,20 12:11,24

13:13,21 14:7,10
14:20 25:1,17,19
25:23 26:12,16
26:21 27:23
28:4,14,18 29:3
29:18,21 30:15
**gary** 2:8 3:4
**give** 27:4 30:7,7
**gives** 15:11
**go** 3:19 8:12
9:25 10:11 23:3
27:20
**goes** 11:20
**going** 14:1 22:17
**good** 3:19 8:12
13:5 28:20,20
**governmental**
12:20
**governor** 7:20
**great** 28:17
30:14
**grillo** 2:15 15:25
16:1,7,10,16
17:2,6,9,19,25
18:18,23 19:1,5
19:11 22:3,16
23:16,19 24:7,10
**grounds** 27:21
**group** 1:9
**guarantee** 4:22
5:2,6 9:1,24
11:17 19:23
26:2,9
**guaranteed**
11:16
**guarantor** 21:5
**guess** 10:5

## h

**half** 24:2 25:24
**happened** 3:11
**happy** 13:21
**hear** 27:25
**heard** 14:2
**hearing** 8:7
  19:13
**heart** 11:21
**held** 11:21 19:9
**hereto** 20:1
**hey** 20:17
**hold** 18:16
**hon** 1:20,21,22
  1:23,24 3:2,10
  3:15,20,23 4:3
  4:13,15,16,21,24
  5:4,7,11,16,24
  6:3,9,15,21,25
  7:3,7,17 8:1,13
  8:16,18,21,23
  9:4,9,16 10:5,10
  10:20 11:6,10,12
  11:15,17 12:2,16
  12:18 13:2,11,16
  13:24 14:8,12,15
  14:19 16:5,8,13
  16:22 17:3,7,11
  17:22 18:13,21
  18:24 19:3,6
  21:25 22:12
  23:13,17 24:4,8
  24:24 25:13,18
  25:20 26:10,13
  26:18 27:18,24
  28:7,16,20,22
  29:11,19 30:13

**honor** 9:24
  14:11 15:25
  17:10 19:2
**honor's** 5:5
  20:11
**hyde** 31:3

## i

**i.e.** 18:6
**iii** 1:10,11
**impacted** 15:22
**important** 21:1
**inability** 9:17,22
  9:23
**inadvertently**
  29:24
**inclusive** 1:14
**indiscernible**
  9:19 18:12
  25:12
**individual** 30:1
**individually**
  27:10 29:1,16
**induced** 12:25
**information**
  4:12 7:15 13:5,8
**inherent** 9:19
**instance** 9:21
**intent** 30:4
**interestingly** 3:5
**interference**
  15:20 25:7
**interrupt** 5:12
**investment** 1:9
**involved** 15:5
**involves** 25:24
**involving** 3:6
  10:4 20:23

**irony** 20:21
**irrelevant** 23:4
**irrevocably**
  22:23
**issue** 3:6,13
  13:25 14:5,10
  18:21 19:9
  22:13
**issued** 3:16 19:7
**issues** 3:5 6:8
  19:15 25:1

## j

**jesse** 1:13
**judges** 1:25
**judgment** 16:17
**justifiable** 15:17
**justifiably** 13:12

## k

**kern** 1:21 4:3,13
  4:16 5:11,16,24
  6:3,15,21,25 7:3
  7:7,17 8:1,13,16
  8:21 9:16 10:5
  10:10,20 11:6,12
  11:17 12:2,16
  13:2,16 14:15
  16:5,8,13,22
  17:3,7 18:13,21
  18:24 19:3,6
  21:25
**key** 15:6 25:24
**know** 9:23,24
  12:21 17:15
  19:21 20:21
  22:13 24:19
**knowledge** 10:17
  11:23 12:12,14

  25:11
**known** 16:3

## l

**l.p.** 1:11,12
**lack** 15:23 21:17
**lawsuit** 14:17,17
  14:24 20:22
  21:10,14 22:2
  24:15,16
**lawsuits** 14:23
  20:25
**ledanski** 31:3
**legal** 20:6 31:20
**lender** 27:9 29:1
  30:1
**lender's** 11:5
**lenders** 15:1
  23:14 24:9 29:5
  29:8
**letter** 13:22
**liability** 7:12
  8:10 20:10 22:4
**lie** 12:22
**linchpin** 4:4
**line** 20:24 21:17
  23:22
**llc** 1:9,10,12
**llp** 2:3
**loan** 10:3 21:13
**look** 8:15 13:5
  19:12 20:13
  21:24 23:7
  26:25
**looked** 13:4 30:2
**los** 2:6
**lot** 23:18

| | |
|---|---|
| **lynch** 13:3,7 | **n** |

**m**

**majority** 15:3,4
  23:11,14 29:6,6
  29:13
**mark** 1:13
**material** 13:10
**matter** 23:13
**mean** 8:15,16
  11:3 12:19
  14:13 17:14
  27:24
**meaning** 22:22
  27:5 30:7,8
**means** 27:13
**mercantile** 1:6
**merits** 14:9,13
  14:14
**merrill** 13:3,7
**mineola** 31:23
**minority** 23:15
  29:13
**mirror** 22:20
  23:8
**mirrored** 19:14
**misrepresentat...**
  13:10
**misrepresentat...**
  8:8 9:20 10:4
**misrepresented**
  8:4
**missed** 19:2
**misuse** 20:6
**moment** 21:9
**monies** 18:9

**n**

**n** 2:1 3:1 31:1
**need** 25:2
**never** 9:11,15
**new** 1:1 2:13
  7:20
**non** 4:22 7:19
  8:25 11:14
  13:18
**note** 21:1
**november** 1:18
  31:25
**number** 15:1
  25:1 29:10
**ny** 2:13 31:23

**o**

**o** 1:19 3:1 31:1
**obligated** 15:7
**obligation** 11:18
  11:19 13:18
  24:21
**obviously** 18:14
**offhand** 13:23
**offshore** 1:12
**oh** 16:13 23:6
**okay** 3:23 5:1,8
  8:13 9:9 12:2
  14:20 20:22
  26:19 28:17
  30:13
**old** 9:17,25
  31:21
**once** 12:18 25:16
**onshore** 1:11
**opinion** 13:14
  23:11 28:5

**opportunity**
  22:18
**opposite** 17:4
**opted** 29:8
**oral** 1:17
**order** 3:13,16,21
  5:25 16:25 17:5
  18:14,25 19:4,4
**outside** 3:12
**overruled** 23:11
**overy** 2:10 16:2
**owned** 20:3
**owns** 23:2

**p**

**p** 2:1,1 3:1
**pacific** 1:6
**papers** 19:24
  23:3,7
**paragraph** 19:25
**part** 19:2,12
  20:20
**parties** 16:3 18:1
  18:12 20:23
  30:4
**partners** 1:10
**partnership** 1:10
  1:11
**party** 4:18,22
  7:19 8:17,25
  11:11,14 12:6
  13:18 14:16
  24:22
**pay** 9:18,21,22
  9:23 10:2
**perez** 1:13
**permitted** 5:19
  23:25

**perpetrate** 20:5
**person** 10:13
**piercing** 19:9
**pitt** 1:24
**place** 18:14 23:6
  24:18
**plain** 21:21
**plaintiff** 21:11
**plaintiff's** 27:6
**plaintiffs** 1:7 2:4
  3:4 5:17 11:13
  20:6,10
**pleadings** 21:14
**please** 3:3 16:1
**pmb** 21:11
**point** 10:6 15:13
  20:11 21:23
  22:10,16,22
  29:24
**points** 21:7 29:3
**position** 22:15
  25:14
**possible** 4:7
**post** 6:17
**postdate** 6:17,25
**precludes** 28:25
**predate** 7:3,5
**predicated** 17:13
  17:17,19,21,24
  25:4
**preserve** 29:16
**prevent** 17:1
**previous** 15:14
**principal** 20:16
**principals** 20:9
**private** 12:19
  13:20

| | | | |
|---|---|---|---|
| **problems** 21:8 | **reason** 29:2 | **right** 3:21 4:15 | 26:10,13,18 |
| **proceed** 9:15 | **reasonable** | 4:22 5:4 11:20 | 27:18,24 28:7,16 |
| **proceeding** 6:16 | 11:13 | 12:19 14:6,7,18 | 28:20 |
| 6:23 7:9 20:20 | **record** 3:12 | 22:23 23:20,23 | **scheme** 29:2 |
| **proceedings** | 19:13,18 25:2 | 24:5,24,25 27:9 | **scope** 26:7 |
| 31:5 | 31:5 | 29:16 | **second** 5:16 |
| **prohibit** 17:5 | **reference** 15:10 | **road** 31:21 | **section** 14:22 |
| **prohibition** | **referenced** 29:23 | **rolando** 1:20 3:2 | 15:9,10 21:21 |
| 29:25 | **references** 20:14 | 4:21,24 5:4,7 | 23:5 26:3 |
| **propriety** 16:18 | **referring** 5:5 | 6:9 8:18,23 9:4 | **see** 12:20 |
| **provide** 4:11 | **refused** 24:2 | 9:9 11:10,15 | **separate** 9:7 |
| 13:21 | **regard** 22:11 | 12:18 13:11,24 | **separation** 17:18 |
| **provision** 30:6 | **relationship** | 14:8,12,19 23:13 | **service** 1:12 |
| **provisions** 21:12 | 9:13 | 23:17 24:4,8,24 | **services** 21:6 |
| 21:18 22:21 | **relevant** 20:1 | 28:22 29:11,19 | 24:11,15 |
| 23:4 | 29:12 | 30:13 | **settled** 18:8 |
| **pure** 18:19 | **relied** 11:5 | **run** 13:25 | 20:20 |
| **purposes** 25:11 | **rely** 11:13 13:12 | **s** | **seven** 20:13 |
| **pursue** 5:19 | 27:5 | | **shielding** 20:9 |
| **put** 13:3 19:17 | **relying** 15:17 | **s** 2:1,5 3:1 | **shifting** 20:7 |
| **q** | **remarkable** | **saliann** 1:23 | **shortcomings** |
| | 21:17 | 25:13,18,20 | 23:10 |
| **qualification** | **remedies** 27:11 | 26:10,13,18 | **shows** 30:10 |
| 22:24,25 23:1 | **repeatedly** 26:22 | 27:18,24 28:7,16 | **side** 14:2 |
| **qualify** 24:21 | **replete** 16:20 | 28:20 | **simply** 22:19 |
| **question** 28:19 | 17:15 19:19 | **saying** 6:22 8:14 | **singh** 1:22 3:10 |
| 28:22 | **reply** 14:3 | 9:5 12:5,8 13:2 | 3:15,20,23 4:15 |
| **questions** 14:1 | **representations** | 13:3 14:18 22:1 | 17:11,22 22:12 |
| **quinn** 2:3 | 4:20 11:4 15:18 | 26:19 27:25 | **societas** 1:9,10 |
| **r** | **required** 15:3 | 28:10 | 1:11 |
| | 25:15 29:5,8 | **says** 11:14 14:16 | **solutions** 31:20 |
| **r** 1:19 2:1 3:1 | **respect** 8:14 | 14:21,22 18:1 | **somebody** 10:10 |
| 31:1 | 14:3 16:17 18:9 | 19:25 22:14 | 10:17 |
| **raised** 15:8 23:5 | 19:22,23 21:2 | 24:20 26:4 27:6 | **sonya** 31:3 |
| 23:10 | **respondents** | 27:9 28:6,8,8,8 | **sorry** 11:3 14:11 |
| **read** 27:23 | 1:15 2:11 16:2 | 30:8 | 14:13 19:1 |
| **realize** 22:9 | **responsible** 10:2 | **scarpulla** 1:23 | 28:18 |
| **really** 28:23 | | 25:13,18,20 | |

**specific** 30:2
**specifically** 8:6
    19:19 21:2
**st** 2:5
**standing** 3:6,7
    14:6,10 18:21
    19:7 22:13 27:6
    27:20 28:3
**start** 3:10
**statement** 7:20
**stay** 3:19 5:18
    8:12 9:14
**stayed** 16:9,11
**stock** 10:11 13:6
    13:6
**stranger** 4:14,16
    10:11 12:9,11
**struggling** 10:15
**subject** 18:11
    24:15,16
**sue** 13:9,19 15:2
    26:1 29:8,16
**sued** 24:5,10,11
    25:22,25 26:8,11
**suing** 29:1
**suite** 31:22
**sullivan** 2:3
**suntrust** 21:3,12
    22:5 24:4,5
    25:15,25 26:8
    27:17 28:1,2,12
**suntrust's** 27:7
**super** 29:6
**superior** 12:12
    12:13
**supply** 6:1
**supreme** 1:1
    26:22 30:6

**sure** 9:7 12:11
    29:9

**t**

**t** 1:20 3:2 4:21
    4:24 5:4,7 6:9
    8:18,23 9:4,9
    11:10,15 12:18
    13:11,24 14:8,12
    14:19 23:13,17
    24:4,8,24 28:22
    29:11,19 30:13
    31:1,1
**take** 21:1 25:14
**tanked** 13:6
**tell** 10:21,23
    11:1,19 12:4,7,9
    12:14 13:8,17,19
    14:4 21:18 24:1
**tells** 10:11
**term** 17:16
**terms** 3:7 15:14
**thank** 15:23,25
    22:17 24:23,25
    28:17,21 30:13
    30:14,15
**theories** 18:5
    25:12
**theory** 4:8 5:20
    7:11,11,24 8:3,9
    9:6,17 10:8 11:8
    12:8 16:25
    23:24 28:10
**thing** 26:11
**things** 20:12
**think** 10:14 14:4
    14:18 20:25
    26:19 29:11

**third** 21:10
**three** 29:3
**threshold** 3:6
**time** 6:13 10:25
    13:25 22:9
**times** 20:1
**timing** 22:25
**title** 23:1
**today** 21:14 23:5
**told** 21:19
**tomorrow** 10:11
**torte** 27:15
**transcript** 31:4
**transcripts**
    19:12
**transfer** 18:5
**transfers** 25:5
**trial** 18:14,16,18
    18:20 19:8
    21:15,19
**true** 31:4
**trustee** 8:11 18:5
**trustee's** 18:11
**truth** 10:22,23
    11:1,19 12:4,7
    12:10,14 13:9,19
**turns** 15:16
**two** 3:5 6:7 15:1
    17:18 29:10
**type** 22:25

**u**

**ultimately** 15:16
**unambiguous**
    21:21
**underlying** 9:16
    11:18 21:7

**understand** 3:12
    18:22
**understanding**
    19:8
**unequivocal**
    28:24 29:14
**unjust** 15:19
    17:13,22,23,25
    18:6 25:4 27:1
    27:15,21
**unreachable**
    6:11 8:24
**unrun** 21:14
**urquhart** 2:3

**v**

**veil** 19:10
**veritext** 31:20
**viable** 16:24
**violated** 5:17
    9:14
**violation** 3:18
    8:11
**virgo** 1:9,9,10,11
    1:12 3:8 4:1,11
    4:19,21 5:9 7:12
    8:8,8,25 9:5,12
    10:1,3 11:4,14
    11:23 13:1 16:3
    18:1,9,12 20:3,8
    20:8,9 21:5
    24:11,14 25:6
    26:1 29:23
**virgo's** 3:7 11:14
    15:22 20:2,6

| w |
| --- |
| **wait**   5:16 21:25 |
| **want**   10:24,24 |
| 10:25 13:25 |
| 24:21 |
| **wanted**   29:15 |
| **watson**   1:13 |
| **way**   4:6 9:1 10:6 |
| 24:14 |
| **went**   19:14 |
| **words**   22:6 |
| **wrapped**   20:12 |
| **wrong**   26:23,24 |
| 26:25 |
| **wrongdoings** |
| 20:5 |

| y |
| --- |
| **yeah**   4:15 5:7,8 |
| 6:3 8:18 11:18 |
| 14:19 |
| **year**   24:2 |
| **yesterday**   10:12 |
| **york**   1:1 2:13 |
| 7:20 |