# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| OUR ALCHEMY, LLC, *et al.*, ) | Case No. 16-11596-JTD |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |
| GEORGE L. MILLER, in his capacity as ) | |
| Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Pro. No. 18-50633-JTD |
| ) | |
| ANCONNECT, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | **Re: Adv. Docket No. 264 & 266** |

## MEMORANDUM ORDER

Before me is the Motion of Emigrant Bank and Pacific Mercantile Bank (together the "**Lenders**") to Amend and Supplement the Court's October 13, 2022, Order.[1] That Order[2] is my ruling on the Trustee's Motion for Entry of Bar Order and Sanctions for Violating the Automatic Stay,[3] by which the Trustee sought an order barring the Lenders from proceeding with an action they had commenced in New York state court (the "**State Court Action**").

The Order granted limited and specific relief, stating only that the Lenders "may not pursue causes of action or theories of recovery <u>in the State Court Litigation</u> against a party on the basis that that party was the alter ego of the Debtors . . . ." (emphasis added). Inclusion of the term "State Court Litigation," which is earlier defined in the Order (inadvertently as the "State

---

[1] Adv. D.I. 266.
[2] Adv. D.I. 264, Order Granting in Part and Denying in Part the Chapter 7 Trustee's Motion for Entry of Bar Order and Sanctions for Violating the Automatic Stay (the "**Order**").
[3] Adv. D.I. 214.

Court *Action*" rather than the "State Court *Litigation*"), makes clear that the Order applies only to the action captioned *Emigrant Bank v. Virgo Investment Group LLC*, Index No. 654350/2021, filed in the Commercial Division of the New York Supreme Court. That action has since been dismissed and the dismissal affirmed by the Appellate Division of the New York Supreme Court. Accordingly, the Lenders' Motion is now moot.

While I understand that the State Court Action was dismissed without prejudice to the Lenders' ability to refile its complaint should certain events occur, until that happens there is no live controversy before me. For that reason, the Motion is DENIED as moot.

SO ORDERED.

Date:  February 22, 2023

JOHN T. DORSEY, U.S.B.J.