# Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| OUR ALCHEMY, LLC, et al., ) | Case No. 16-11596-JTD |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| GEORGE L. MILLER, in his capacity as ) Chapter 7 Trustee for the jointly administered ) bankruptcy estates of Our Alchemy, LLC and ) Anderson Digital, LLC, ) | Adv. Pro. No. 18-50633-JTD |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ANCONNECT, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF JAY MAIER

I, Jay Maier, hereby declare under oath as follows:

1. I am the Chief Financial Officer of Anderson Media Corporation and I am responsible for the treasury, financial reporting, and administrative areas of Anderson Media.

2. I am Vice President of Anderson Management Services, Inc. ("Anderson Management"). Anderson Management is a 100% subsidiary of Anderson Media. Anderson Management provides senior management and financial advisory services to ANConnect, LLC ("ANConnect").

3. I am Secretary of Anderson Merchandisers, LLC.

4. In connection with my role with Anderson Management, I personally serve as a representative of ANConnect, am authorized to speak on its behalf, and am familiar with the facts

1

and circumstances set forth herein. I am also a representative of Anderson Merchandisers and am authorized to speak on its behalf, and am familiar with the facts and circumstances set forth herein.

5. This Declaration is submitted in support of the Anderson Defendants' Sur Reply to Plaintiff's Reply in Further Support of Motion for Partial Summary Judgment.

6. I make this declaration based upon my personal knowledge and, where appropriate, a review of the relevant case files including documents produced by the parties in this adversary proceeding.

7. In connection with the ANConnect Acquisition: (a) ANConnect and Alchemy entered into the Transition Services Agreement ("TSA"), and (b) Anderson Merchandisers and Alchemy entered into the Merchandising Agreement ("MA"). True and correct copies of the TSA and MA were attached to my prior declaration, dated Feb. 23, 2023 [Adv. Docket No. 295] at Exhibits 2 and 3, respectively. The parties entered into the TSA, under which ANConnect provided certain distribution and return services and administrative services on Alchemy's behalf to Walmart, Sam's Club, and Best Buy ("the Key Customers"), because Alchemy did not have a vendor number of its own that would allow it to sell product to the Key Customers and, thus, lacked to ability to invoice and receive payments from them.

8. As a result, through the TSA, ANConnect provided these services for approximately two months after the ANConnect transaction closed to give Alchemy time to secure its own vendor number and could service/invoice the Key Customers directly on its own.

9. During this period, ANConnect invoiced the Key Customers for *all* products it distributed to their stores. When the Key Customers sent payments to ANConnect, those payments included amounts due for Alchemy and *non*-Alchemy products—like books and music—sold at the Key Customers' stores. Once a payment was received with the customer's remittance advice,

ANConnect had to analyze the remittance against ANConnect's invoice data and product return data and correct any billing or payment errors to determine the net amount from the customer payment that would be due Alchemy. This information and the underlying data was then shared with Alchemy.

10. The Trustee's turnover claim relates only to amounts *ANConnect collected* during the transition period in accordance with the TSA (i.e., before Alchemy obtained its own vendor number).

11. In October of 2015, Alchemy requested that ANConnect provide financing through, among other options, Alchemy's sale of A/R that Alchemy generated from the Key Customers *after* Alchemy had obtained is own vendor number. This is reflected in the evidence the Trustee submitted with his Reply Brief [Adv. Docket Nos. 302-3 through 302-5].

12. The proposed purchase referenced in the Trustee's Reply Brief [Adv. Docket No. 302-4], *did not* relate to the funds ANConnect had collected that are the subject of the Trustee's turnover claim.

13. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and this this declaration was executed in Knoxville, Tennessee.

Executed this 13 day of April, 2023.

_____
Jay Maier, Chief Financial Officer

3