**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**



**JUDGE JOHN T. DORSEY**

**824 N. MARKET STREET**
**WILMINGTON, DELAWARE**
**(302) 533-3169**

February 13, 2024

Plaintiff's and Defendants' counsel via CM/ECF

    Re:  Miller v. ANConnect, LLC, et al., Adv. No. 18-50633 (JTD)

Dear Counsel,

    This letter is my ruling on both Plaintiff's Motion for Partial Summary Judgment (the "**Trustee's Motion**") and Defendants' Renewed Motion for Partial Summary Judgment ("**Defendants' Motion**") (together, the "**Motions**").[1]  In the first, the Trustee seeks summary judgment on his preference claim (Count 4) and his Turnover Claim (Count 10).  In the second, Defendants seek summary judgment on the Trustee's actual fraudulent transfer claims (Counts 1, 2, and 5) and his unjust enrichment claim (Count 3).

    Pursuant to Federal Rule of Civil Procedure 56, a movant is entitled to summary judgment if it shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  Summary judgment is thus proper "where the facts are undisputed and only one conclusion may reasonably be drawn from them."  Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985).  "[A]t the summary judgment stage[,] the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).   Applied here, these standards dictate that the Motions be denied.

    As the parties' own papers demonstrate, these cases are replete with issues of fact that will need to be resolved before the legal issues can even be addressed.  Each side filed hundreds of pages of evidence -- consisting of declarations, deposition testimony, emails, and more – (much of which is the same as that filed by the opposing party) which it insists can only be interpreted in its favor.  "While volume alone is not necessarily fatal to a summary judgment motion, these filings reflect an almost total disagreement between the parties about the facts of the case." Bumpus v. Realogy Brokerage Grp. LLC, No. 3:19-cv-03309-JD, 2022 U.S. Dist. LEXIS 85593, at *3 (N.D. Cal. May 11, 2022).  For example,

---

[1] Plaintiff's Motion for Partial Summary Judgment, Adv. D.I. 284 (the "**Trustee's Motion**"); Defendants' Renewed Motion for Partial Summary Judgment, Adv. D.I. 310 ("**Defendants' Motion**") (together, the "**Motions**").

Re:  Miller v. ANConnect, LLC, et al., Adv. No. 18-50633 (JTD)
Page 2

with respect to the setoff claim at issue in the Trustee's motion, the parties have submitted conflicting evidence regarding both the existence of a debt and whether the transfer made was in payment of that debt or in payment of an indemnity obligation to a third party.  On the Trustee's turnover claim, the parties' evidence raises an issue of fact regarding whether the Transition Services Agreement (which governs the parties' rights with respect to the accounts receivable in question) was modified by the parties' post-closing conduct.  On the fraudulent transfer claims, which are the subject of the Defendants' Motion, there are issues of fact concerning insolvency, reasonably equivalent value, and fraudulent intent.

      While the Defendants dispute the adequacy of the Trustee's evidence, I am not persuaded that the evidentiary problems would, as Defendants suggest, support the entry of judgment as a matter of law in their favor.  The issues raised regarding the admissibility of documents or testimony are ones that can more appropriately be resolved at trial.  Defendants' remaining arguments all go to the weight of the Trustee's evidence, which is not properly considered on a motion for summary judgment.  *Feldman v. Carbone (In re Carbone)*, 615 B.R. 76, 79 (Bankr. E.D. Pa. 2020) ("The court's role in deciding a motion for summary judgment is not to weigh evidence, but rather to determine whether the evidence presented points to a disagreement that must be decided at trial, or whether the undisputed facts are so one sided that one party must prevail as a matter of law.").  For example, Defendants argue that the Trustee's evidence is insufficient to meet his burden of proof because it is not in the form of expert testimony and lacks the formality of Defendants' evidence, which consists of the official opinions of investment banks and lenders as opposed to employee emails, meeting minutes, or draft financials.  While Defendants might very well be correct that their evidence is ultimately more persuasive, that is not a question capable of being resolved at this stage of the case.  *See Landau v. Lamas*, No. 3:15-CV-1327, 2018 U.S. Dist. LEXIS 172652, at *21 (M.D. Pa. Oct. 4, 2018) ("When we consider a motion for summary judgment it is axiomatic that we may not 'weigh the evidence submitted, [or] judge the credibility of the witnesses.' Therefore, we should decline the defendants' invitation to make these credibility determinations, or assess the persuasive power of the proof at the summary judgment stage of this litigation.") (quoting Waskovich v. Morgano, 2 F.3d 1292, 1296 (3d Cir. 1993)); *see also Opera Sols., LLC v. Schwan's Home Serv.*, 243 F. Supp. 3d 515, 523 (D. Del. 2017) ("While Schwan's tells a persuasive story, it is not the Court's task at summary judgment to weigh the evidence. For there is, contrary to Schwan's view, competing evidence, from which a reasonable jury might find that Opera's contrasting view of what occurred is actually correct.").

      For the foregoing reasons, I find that there are genuine issues of material fact in dispute and that summary judgment is improper.  The Motions are therefore denied.  An appropriate order will issue.

      Sincerely,

      John T. Dorsey
      United States Bankruptcy Judge