**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| OUR ALCHEMY, LLC, et al. ) | CASE No. 16-11596 (MFW) |
| ) | |
| Debtor. ) | |
| ) | |
| GEORGE L MILLER in his ) | |
| capacity as Chapter 7 Trustee ) | |
| for the jointly administered ) | |
| bankruptcy estates of Our ) | |
| Alchemy, LLC, and Anderson ) | |
| Digital, LLC ) | |
| ) | |
| Plaintiffs, ) | Adv. No. 18-50633 (MFW) |
| ) | |
| v. ) | |
| ) | |
| ANConnect, LLC, et al. ) | |
| ) | Rel. Docs. 338, 341, 342, |
| Defendants. ) | 343, 345, 346 |

**MEMORANDUM OPINION**[1]

Before the Court is the Defendants' Motion to Strike the Plaintiff's Notice of Withdrawal of Trustee's Demand for Jury Trial. For the reasons stated below, the Court will deny the Motion.

I.  BACKGROUND

Our Alchemy, LLC (the "Debtor") entered into prepetition agreements with ANConnect, LLC ("ANC") and Anderson

---

[1] The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure in dealing with this preliminary, non-substantive matter.

Merchandisers, LLC ("AM") (collectively the "Defendants"). Pursuant to an Asset Purchase Agreement (the "APA") dated May 29, 2019, the Debtor purchased a home video and digital distribution business (Anderson Digital, LLC) from ANC.[2] Shortly thereafter, on July 9, 2015, the Debtor executed a Transition Services Agreement (the "TSA") with ANC and a Merchandising Agreement with AM.[3]

For reasons the parties dispute, the Debtor's business failed and it filed a voluntary chapter 7 petition on July 1, 2016.[4] George Miller (the "Plaintiff") was appointed the chapter 7 trustee.[5] The Defendants filed proofs of claim in the bankruptcy case on October 13, 2018.[6] ANC filed a partially secured claim for $17,957,939.26 for amounts allegedly due under

---

[2]   Adv. D.I. 1 ¶ 59-61; Adv. D.I. 345 Ex. C.  References to the docket in Case No. 16-11596 are to "D.I. #."  References to the docket in Adv. Proc. No. 18-50633 are to "Adv. D.I. #."

[3]   Adv. D.I. 1 ¶ 107; Adv. D.I. 345 Exs. D & E.  The TSA contemplated ANC performing "warehousing, order fulfillment, freight management, price stickering, return transition services and processing, and specific distribution and administrative services" including collecting accounts receivable and remitting proceeds to the Debtor, thereby smoothing the transaction's impact on customers.  D.I. 1 ¶ 108-09.  The Merchandising Agreement provided that AM would perform certain merchandising services (such as stocking, inventory management, and setting up product displays) in Walmart stores.  Id. at ¶ 123.

[4]   D.I. 1.

[5]   D.I. 3.

[6]   Adv. D.I. 345 Exs. A & B.

the APA.[7]  AM filed a proof of claim including a $2,446,991.44 general unsecured component and a $29,633.50 administrative expense component for services performed under the Merchandising Agreement.[8]

On June 29, 2018, the Plaintiff filed a complaint against the Defendants and other parties seeking, inter alia, to recover allegedly preferential payments made to the Defendants as well as amounts the Defendants allegedly owed to the Debtor under the APA, TSA, and Merchandising Agreement.[9]  The Plaintiff requested a jury trial on all claims in the complaint and did not consent to the entry of a final order by the Bankruptcy Court.[10]

In their answer, the Defendants denied the Plaintiff's allegations.[11]  They consented to the entry of a final judgment by the Bankruptcy Court and expressly waived whatever right they had to a jury trial.[12]

---

[7]    Adv. D.I. 345 Ex. A at 3.  ANC attached the APA to its proof of claim. Id. Ex. B.  ANC asserts that a portion ($6,144,630) of the claim is secured because of its right to set off amounts it owes the Debtor under the APA.  The remainder of the claim is unsecured.

[8]    Adv. D.I. 345 Ex. B at 3.

[9]    See, e.g., Adv. D.I. 1 ¶ 227.

[10]   Adv. D.I. 1 ¶ 4.

[11]   Adv. D.I. 108; Adv. D.I. 109.

[12]   Adv. D.I. 108 at 33 ("Defendant understands that under Stern v. Marshall, 564 U.S. 462 (2011), Exec. Ben. Ins. Agency v. Arkison, Ltd. 573 U.S. 25 (2014), and Wellness Int'l. Network,

3

Seven years after the filing of the adversary proceeding, the Plaintiff has narrowed his dispute against the Defendants to three counts: a preference claim for $3,208,314 paid by the Debtor to AM under the Merchandising Agreement, and a breach of contract and turnover claim against ANC for failing to turn over accounts receivable it had collected under the TSA.[13]

The Plaintiff has now filed a notice of withdrawal of his jury trial demand and consented to entry of a final judgment by the Bankruptcy Court.[14] The Defendants filed a Motion to Strike the Plaintiff's Notice of Withdrawal.[15] Briefing on the Defendants' Motion is complete and the matter is ripe for decision.[16]

## II. JURISDICTION

The Court has subject matter jurisdiction over this

---

et. al. v. Sharif, 135 S. Ct. 1932 (2015), the Court does not have judicial power to enter final orders in this case. Notwithstanding this, the Trustee's demand for a jury trial before an Article III Judge, and the Trustee's refusal to consent to the entry of final judgment or adjudication by a bankruptcy judge, in accordance with Bankruptcy Rule 7012(b) and Del. Bankr. L.R. 7012-1, Defendant consents to entry of final orders and judgment by the Bankruptcy Court and waives its right to a jury trial."); Adv. D.I. 109 at 33-34 (same).

[13]   Adv. D.I. 337 ¶ 1; see also Adv. D.I. 1 ¶¶ 227, 269-89.

[14]   Adv. D.I. 338.

[15]   Adv. D.I. 341.

[16]   Adv. D.I. 342, 345, 346.

adversary proceeding.[17] This action is a "core" and "related to" proceeding involving a counterclaim to a proof of claim which is based on preference, turnover, and breach of contract claims.[18] Even if the Court does not have constitutional authority to enter a final order, the Court does have authority to enter orders on preliminary matters to the extent they do not constitute a final adjudication.[19]

III. STANDARD OF REVIEW

The Federal Rules of Civil Procedure govern jury trial procedures in an adversary proceeding.[20] Rule 38 provides the mechanism for requesting a jury trial:

---

[17]  28 U.S.C. §§ 1334(b) & 157(a).

[18]  28 U.S.C. § 157(a) & (b)(2)(C).  See also Adv. D.I. 337 ¶ 1.

[19]  See O'Toole v. McTaggart (In re Trinsum Grp., Inc.), 467 B.R. 734, 738 (Bankr. S.D.N.Y. 2012) (holding that "both before and after Stern v. Marshall, it is clear that the bankruptcy court may handle all pretrial proceedings, including the entry of an interlocutory order dismissing fewer than all of the claims in an adversary complaint.") (citations omitted). See also Am. Media Inc. v. Anderson Mgmt. Servs. (In re Anderson News, LLC), Civ. No. 15-mc-199-LPS, 2015 WL 4966236, at *1-2 (D. Del. Aug. 19, 2015) (holding that bankruptcy court's authority to enter final orders on non-core claims was not implicated where the court entered an order denying summary judgment because that order was not a final order) (citing Boyd v. King Par, LLC, No. 1:11-CV-1106, 2011 WL 5509873, at *2 (W.D. Mich. Nov. 10, 2011) ("[E]ven if there is uncertainty regarding the bankruptcy court's ability to enter a final judgment . . . , that does not deprive the bankruptcy court of the power to entertain all pre-trial proceedings, including summary judgment motions.")).

[20]  Fed. R. Bankr. P. 9015(a).

> (a) Right Preserved.  The right of trial by jury as declared by the Seventh Amendment to the Constitution — or as provided by a federal statute — is preserved to the parties inviolate.
> (b) Demand.  On any issue triable of right by a jury, a party may demand a jury trial by:
>> (1) serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served; and
>> (2) filing the demand in accordance with Rule 5(d).
> . . . .
> (d) Waiver; Withdrawal.  A party waives a jury trial unless its demand is properly served and filed.  A proper demand may be withdrawn only if the parties consent.[21]

Rule 39(a) also governs how a jury trial demand may be withdrawn or invalidated:

> (a)  When a Demand Is Made.  When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action.  The trial on all issues so demanded must be by jury unless:
>> (1)  the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or
>> (2)  the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.[22]

Thus, once a jury trial demand is made, the case is tried by a jury unless both parties consent to the withdrawal of the jury trial demand or the Court finds that there is no right to a jury trial.

---

[21]  Fed. R. Civ. P. 38(a), (b), (d).

[22]  Fed. R. Civ. P. 39(a)(1)-(2).

IV. <u>DISCUSSION</u>

The Defendants argue that the Plaintiff's request to withdraw his jury trial demand should be stricken because they do not consent to that withdrawal in accordance with Rule 38(d). They contend that allowing the withdrawal would be inequitable because it comes on the eve of trial and they have relied on that demand in preparing for trial. They argue that the Plaintiff's jury trial demand withdrawal is forum shopping.[23] Further, they argue that the Court has not yet determined that there is no right to a jury trial, so the second prong of Rule 39(a) is not met.

The Plaintiff asserts that the Defendants' reliance on his jury trial demand was not reasonable. The Plaintiff argues that the Defendants' equitable argument is frivolous because equitable considerations do not create a right to a jury trial when no jury trial right ever existed. The Plaintiff contends that the Defendants had no right to a jury trial in the first place because they expressly waived their right to a jury trial (1) in their answer,[24] (2) by the express terms of their agreements with

---

[23] The Defendants assert that the Plaintiff originally wanted a trial in District Court, but after the parties' cross motions for summary judgment were denied and the case was reassigned, he has changed his mind.

[24] Adv. D.I. 108 at 33.

the Debtor,[25] and (3) by filing proofs of claim in the Bankruptcy Court.[26]  Additionally, the Plaintiff asserts that his claims are largely equitable, for which there is no right to a jury trial.

The Defendants respond that the Plaintiff mischaracterizes his claims as equitable.  While the Plaintiff seeks to avoid payments made under the APA as preferences, the Defendants contend they are not.  The Defendants argue that the amounts the Plaintiff seeks to recover were never the Debtor's property because they were subject to the Defendants' right of setoff.  They argue that turnover is only applicable when the property's ownership is undisputed, which is not the case here.  Thus, they argue that the Plaintiff's claims are legal claims for breach of contract, which are subject to trial by jury.

The Defendants further assert that equitable principles can still control even if there is a contractual jury trial waiver.

---

[25] Adv. D.I. 345 Ex. C (APA) at 71 ("EACH SUCH PARTY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LEGAL ACTION, CLAIM OR DEFENSE ARISING OUT OF OR RELATING TO THIS AGREEMENT, THE OTHER TRANSACTION DOCUMENTS. . . .  SUCH PARTY MAKES THIS WAIVER KNOWINGLY AND VOLUNTARILY.").
Although the jury trial waiver is contained only in the APA, which was not signed by AM, it states that it covers disputes that arise out of or relate to the APA, TSA, and Merchandising Agreement.  AM signed the Merchandising Agreement and the Plaintiff argues that because it is related to the APA, AM is a third party beneficiary of the APA and must have understood it was waiving its right to a jury trial by executing the Merchandising Agreement.

[26] Adv. D.I. 345 Exs. A & B.

In this case, the Defendants argue that they relied on the Plaintiff's jury trial demand and incurred extra expenses like conducting videotaped depositions and hiring special counsel experienced in jury trials.  Therefore, the Defendants ask the Court to strike the Plaintiff's notice of withdrawal of his jury trial demand.

The Court concludes that the Defendants' Motion should be denied for several reasons.  First, the Defendants do not have a right to a jury trial because they filed proofs of claim in the bankruptcy case.[27]  It is beyond argument that the filing of a proof of claim waives the creditor's right to a jury trial because the merits of their proof of claim (and defenses thereto) are subject to the court's equitable jurisdiction and there is no right to a jury trial in equity proceedings.[28]

Second, neither the Defendants nor the Plaintiff have a right to a jury trial on issues arising under the Agreements

---

[27] Id.

[28] See, e.g., Langenkamp v. Culp, 498 U.S. 42, 44-45 (1990) (holding that the right to a jury trial on a preference claim is lost if the creditor files a proof of claim); Katchen v. Landy, 382 U.S. 323, 336 (1966) (holding that under the Bankruptcy Act, a creditor who files a proof of claim against the bankruptcy estate subjects itself to the equitable jurisdiction of the bankruptcy court and cannot demand a jury trial on a preferential transfer claim); Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58 (1989) (stating that an issue normally triable by jury is not triable by jury when it arises as part of the claims allowance process).

because there was an express waiver of that right in the APA.[29] Because the Debtor executed the APA which waived its right to a jury trial, the Plaintiff (who steps in the shoes of the Debtor) is bound by that waiver.[30] Although AM did not sign the APA, which contained the jury trial waiver, the APA's jury trial waiver included disputes arising from the Merchandising Agreement, which AM did sign.[31] Even if the jury trial waiver contained in the APA were not binding on AM, AM has expressly waived its right to a jury trial in this adversary proceeding.[32]

Finally, the Defendants' detrimental reliance argument is unavailing because it relies on a non-bankruptcy case outside of

---

[29] See supra note 25.

[30] The trustee, as the estate's representative generally has only the rights that the debtor had as of the petition date. 11 U.S.C. §§ 323, 541. Thus, if the debtor had waived a right to a jury trial, the trustee is bound by that waiver. See, e.g., Castle Cheese, Inc. v. FirstMerit Bank, N.A., (In re Castle Cheese, Inc.), 541 B.R. 586, 601 (Bankr. W.D. Pa. 2015) (finding that debtor's waiver of jury trial right was binding on trustee and a factor in court's consideration of abstention request). Cf. OHC Liquidation Trust v. Credit Suisse (In re Oakwood Homes Corp.), 378 B.R. 59, 72 (Bankr. D. Del. 2007) (finding that a jury trial waiver had been signed by only two of the fifteen debtors and not by the named defendant so the waiver was not effective as to action brought on behalf of all debtors).

[31] Adv. D.I. 345 Ex C (APA) at 11 ("'Transaction Documents' means this Agreement, the Bills of Sale, the Assignment and Assumption Agreements, the Transition Services Agreement, the Merchandising Agreement, the Canadian Distribution Agreement and the other agreements, instruments and documents required to be delivered at the Closing.") (emphasis added). See supra note 25.

[32] Adv. D.I. 109 at 33-34.


this Circuit which does not overcome the binding Supreme Court authority that there is no right to a jury trial where a proof of claim has been filed by the creditor.[33] Furthermore, the Defendants' refusal to consent to the Plaintiff's withdrawal of its jury trial demand is irrelevant because Rule 39(a) provides that if the Court determines there is no right to a jury trial, one will not be held.

Because the Court concludes that there is no right to a jury trial of the issues in this adversary proceeding, the Court must deny the Defendants' Motion.[34]

V.  CONCLUSION

For the foregoing reasons, the Court will deny the Defendants' Motion to Strike the Plaintiff's Notice of Withdrawal of Trustee's Demand for Jury Trial.

---

[33] See supra note 28.  The Defendants rely on Landmark Fin. Corp. v. Fresenius Med. Care Holdings, Inc., 863 F. Supp. 2d 118 (D. Mass. 2012) (holding that the contractual jury trial waiver was valid but that the party seeking to enforce the waiver was estopped from doing so because the objecting party would be prejudiced by having wasted trial preparation in anticipation of a jury trial).

[34] See Fed. R. Civ. P. 39(a)(2).

An appropriate Order is attached.

Dated: November 12, 2025          BY THE COURT:

*Mary F. Walrath*
Mary F. Walrath
United States Bankruptcy Judge